THE STATE, EX REL. MARSHALL, APPELLEE, *v.* CIVIL SERVICE COMMISSION OF COLUMBUS, OHIO, ET AL., APPELLANTS.

(No. 41304—Decided May 22, 1968.)

228

*Mr. Philip R. Bradley* and *Mr. Robert P. Di Rosario*, for appellee.

*Mr. John C. Young,* city attorney, *Mr. Alba L. White-side* and *Mr. Frank A. Reda,* for appellants.

ZIMMERMAN, J.   Columbus is a charter city, and the charter creates a Civil Service Commission.   Section 149 of the charter empowers and directs the commission, among

other things, to "prescribe, amend and enforce rules for the classified service," including provisions for "the classification and standardization of all positions in the classified service," "open competitive examinations in the competitive class," "public notice * * * of the time and place of all competitive examinations" and "promotion based on competitive examinations."

Pursuant to and in compliance with this charter provision, the commission formulated and published rules, among them Section B, Rule VIII, quoted in part in the statement of the case. In accordance with the long-time interpretation of that rule, the commission publicly announced by bulletin on July 18, 1966, a promotional, competitive examination for Fire Chief, which contained the following language:

*"Employment Standards*

"Those eligible to compete in the promotional examination for this class are: Fire Assistant Chiefs who have had not less than six months of continuous accredited service as permanent appointees immediately prior to the date of examination."

As noted, Marshall's application to take this promotional examination was rejected for the reason that he had not been a permanently appointed Fire Assistant Chief for six months prior to the date of the examination.

Section D, Rule IV, of the commission's rules recites in part:

"* * * The Personnel Director [of the commission] may for sufficient cause, *subject to review by the commission,* reject an application prior to the date of the examination for which it is filed. In all cases of rejection an applicant shall be notified immediately of the rejection and the reasons therefor. Upon rejection of an application *any applicant shall have an opportunity to show cause to the commission why his application should not have been rejected.* Any one of the following may be sufficient cause for rejecting an application: that the applicant—

"(1) Lacks one or more of the minimum qualifications set forth in the official notice." (Emphasis supplied.)

In our opinion, the section just quoted, formulated and promulgated by the commission, is not of such a character as to constitute an unlawful delegation of discretion and authority to the Personnel Director, since the guidelines governing what he may do are detailed in the section, and such actions as he may take are subject to review and control by the commission. In the situation presented here, the Personnel Director was the voice of the commission in advising Marshall that his application was rejected because it did not meet the specific requirements *established by the commission.*

There can be no doubt that the prompt rejection of Marshall's application was in strict accord with the consistent interpretation by the commission of Section B of Rule VIII and with the terms of the public notice given by the commission and covering eligibility to take the examination.

Although open to him, Marshall did not pursue the administrative remedy of requesting the commission to consider and rescind the rejection of his application.

Be that as it may, Marshall recognized the rejection as coming from the commission. This is clearly shown by paragraph two of his petition in mandamus, wherein he alleges:

"* * * Plaintiff-relator further states that the same [his application] was rejected *by the defendants-respondents* for the reason that plaintiff-relator did not possess the qualifications of six (6) months as a permanent appointee as Fire Assistant Chief prior to the date of the examination." (Emphasis supplied.)

The commission's answer "admit[s] the allegations contained in paragraphs one and two of the petition."

It would thus seem apparent that the rejection was recognized and treated by all parties as being that of the commission. In short, Marshall in his petition and the commission in its answer in effect stipulated that the commission rejected Marshall's application and that he had exhausted his administrative remedies.

Section 2506.01, Revised Code, provides:

"Every final order, adjudication, or decision of any * * * commission * * * of any political subdivision of the state may be reviewed [on appeal] by the Common Pleas Court of the county in which the principal office of the political subdivision is located * * *."

Section 2731.05, Revised Code, states:

"The writ of mandamus must not be issued when there is a plain and adequate remedy in the ordinary course of the law."

We agree with the Court of Common Pleas herein that Marshall had a plain and adequate remedy by way of appeal to the Court of Common Pleas and that he could not properly resort to an action in mandamus to compel the commission to allow him to take the August 15, 1966, promotional examination.

In support of the conclusion reached, see *State, ex rel. Steyer,* v. *Szabo,* 174 Ohio St. 109, 186 N. E. 2d 839; *State, ex rel. Sibarco Corp.,* v. *Hicks,* 177 Ohio St. 81, 202 N. E. 2d 615; and *State, ex rel. Sibarco Corp.,* v. *Berea,* 7 Ohio St. 2d 85, 218 N. E. 2d 428.

The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas is affirmed.

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.

TAFT, C. J., and SCHNEIDER, J., concur for the additional reason that this matter was not filed in the Common Pleas Court within ten days of the rejection of the application (assuming that to be the final action of the Civil Service Commission). Section 2505.07 (B), Revised Code. If the cause had been filed within such time, then there is no valid reason why the Common Pleas Court, as a court having jurisdiction to entertain either a suit for mandamus or an appeal, could not have considered this action as such an appeal under Chapters 2505 and 2506, Revised Code.