Webb, Appellant, *v.* State Personnel Board of Review, Appellee.

[Cite as Webb v. Bd of Review (1971), 27 Ohio App. 2d 226.]

(No. 71-31—Decided May 18, 1971.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. John A. Brown,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Peter J. Rakay* and *Mr. F. Richard Heath,* for appellee.

Whiteside, J. This is an appeal from a judgment of the Franklin County Court of Common Pleas affirming an order of the State Personnel Board of Review, denying the appeal of the appellant from a determination by the department of State Personnel that the appellant was properly classified and refusing to reclassify him from examiner II to examiner III.

In his brief, appellant states that the following question of law is raised:

"May an employee of one department of the State of Ohio be classified differently than an employee of another department of the state, even though the employees are doing the same thing, because of a difference in the table of organization of the two departments?"

Assuming jurisdiction and that the facts supported the contention of appellant, appellant might well be entitled to the requested relief inasmuch as R. C. 143.09 appears to contemplate that the classification of state employees should be made upon the basis of the actual duties being performed —not upon the basis of which department of state government such duties are being performed for.

However, a more basic issue is involved in this case. The jurisdiction of the State Personnel Board of Review is established by R. C. 143.012, which reads in pertinent part as follows:

"The state personnel board of review shall exercise the following powers and perform the following duties of the department of state personnel:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities or the director of state personnel relative to reduction in pay or position, layoff, suspension, discharge, assignment or reassignment to a new or different position classification: the board may affirm, disaffirm, or modify the decisions of the appointing authorities or the director of state personnel, as the case may be, and its decision is final:

"(B) Hear appeals, as provided by law, of appointing authorities from final decisions of the director of state personnel relative to the classification or reclassification of any position or positions in the classified state service under the jurisdiction of such appointing authority; the board may affirm, disaffirm or modify the decisions of the director of state personnel, and its decision is final * * *."

By this section, the State Personnel Board of Review may hear appeals of employees from final decisions of the Director of State Personnel relative to assignment or reassignment to a new or different position classification. There is no provision in this section providing for an appeal by an employee from a final decision of the Director of State Personnel refusing to reassign an employee to a different position classification. In the instant case, appellant's position classification was unchanged by the ac-

tion of the state personnel director, and it is from the refusal to change appellant's classification that an appeal was sought to the State Personnel Board of Review.

R. C. 143.09(E) and (F) read as follows:

"(E) To standardize all positions, titles, classes, salaries, and wages of employees in the state service, the Director of State Personnel, on his own motion, shall initiate and make continuing audits, inspections, and investigations of the several positions, offices, and employments of the state service subject to Sections 143.09 and 143.10 of the Revised Code. Any employee, any appointing authority, and any representative of any group of employees, desiring to submit facts for consideration of the director, shall be afforded reasonable opportunity to do so. When the director finds that inequities, injustices, or improper classifications of employees exist, he may reassign upward or downward any employee to any appropriate class of positions, offices, or employments among those set forth in this section as is necessary to provide more nearly an equitable, just and proper classification.

"(F) Where the director proposes to reclassify any employee, he shall give to the employee affected, and to his appointing authority, a notice in writing setting forth the proposed new classification, pay range, and salary. An employee or appointing authority desiring a hearing shall file a written request therefor with the State Personnel Board of Review within thirty days after receiving said written notification; whereupon the board of review shall set the matter for a hearing and notify said employee and the appointing authority of the time and place of said hearing. Such hearing may be conducted by the board of review or by the person or persons designated by the board. The employee, or the appointing authority, or the authorized representative of any employee, desiring to submit facts for the consideration of the board, shall be afforded reasonable opportunity to do so. After such hearing the board shall consider anew such reclassification and then may order the Director of State Personnel to reclassify the employee and assign him to such appropriate classification as the

facts and evidence warrant. The board shall disallow any reclassification or reassignment classification of any employee where it finds that changes have been made in the duties and responsibilities of any particular employee for political, religious, or other unjust reasons."

R. C. 143.09(E) and (F) also indicate that a state classified employee has a right to appeal a "reclassification" to the State Personnel Board of Review, but no right to appeal to such board a "refusal" or "failure" to reclassify him. In other words, it is only where a classified employee's status is changed by action of the Director of State Personnel that such employee has a right of appeal to the State Personnel Board of Review. As long as the employee's, classification and status remain unchanged, no right of appeal to the State Personnel Board of Review is afforded such employee from a failure or refusal of the Director of State Personnel to make such a change which the employee feels should be made.

While the order of the State Personnel Board of Review did not discuss this problem, the board did find that "the conclusion of the state director of personnel was correct and cannot be overturned by this board." The order itself was a denial of the appeal. While the State Personnel Board of Review was correct in its conclusion that it had no jurisdiction to overturn the decision of the state director of personnel, it likewise had no jurisdiction to determine whether or not such decision was correct. Since we have concluded that appellant had no right of appeal to the State Personnel Board of Review, it necessarily follows that neither this court nor the Court of Common Pleas, in an appeal from the action of the State Personnel Board of Review, has jurisdiction to order the reclassification of appellant from examiner II to examiner III.

For the foregoing reasons, the order of the Franklin County Court of Common Pleas is affirmed, and this appeal is dismissed.

*Appeal dismissed.*

TROOP, P. J., concurs.

230

REILLY, J., concurring separately. An appeal was initially filed with the State Personnel Board of Review, September 29, 1969. Subsequently, on December 10, 1969, the board made the following order, which is quoted in pertinent part, as follows:

"Without detailing the evidence itself, the board concludes that while there were some indications the appellant's duties could have fallen somewhere within the area between Classification 1543 Examiner III and Classification 1542 Examiner II, his duties did more clearly fall within the Examiner II category. The primary lack of falling into the Examiner III class lies in the area of supervisory duties.

"Despite the serious question in the board's minds as to the relevancy, materiality, and admissibility thereof, the board did permit the presentation of evidence, over objection, on the comparison between the appellant's classification and the classification of employees performing somewhat similar duties in other departments of state government. The sum and substance of that testimony was to the effect that if this appellant were performing these same duties in another department he would be in a higher classification.

"The board does not feel that it erred in admitting this evidence, but if it did err, such error could not possibly be prejudicial in view of the final decision herein, and in view of that decision it might well have been prejudicial error to exclude it.

"Despite that evidence, the board finds that it has no authority to cross departmental lines in comparing classifications, because of necessity, duties could not be the same, although they may be similar. The only authority in this regard would seem to be vested in the heads of the departments and the Director of State Personnel, with the additional factor of some control resting with the Department of Finance."

This order was appealed to the Franklin County Court of Common Pleas, pursuant to R. C. 119.12, December 23, 1969.

Appellant had been employed by the Bureau of Work-

men's Compensation approximately nine and one-half years at the time of the hearing before the State Personnel Board of Review. He was classified examiner II class No. 1542. A job survey was made of his position and appellant was notified by letter dated August 25, 1969, from the Department of State Personnel, as follows:

"As a result of our audit of your duties it has been determined that your position is properly classified as an Examiner II in the existing table of organization of the Bureau of Workmen's Compensation. We therefore find that no change in your classification is appropriate. * * *"

The job survey was conducted by a technician of the State Department of Personnel. He testified before the board that his procedures included interviews with the employee, his supervisor, department chief, and departmental personnel officer. He proceeded accordingly and concluded appellant was properly classified.

He stated that he did not conduct a survey of other state departments comparing the examiner II and III classifications. There is apparently some overlapping between the examiner II and examiner III positions. Nevertheless, the record indicates that most of appellant's duties fall within the examiner II category.

The applicable statute, R. C. 143.09(B) provides in its pertinent parts:

"The director of state personnel shall prepare and may amend from time to time, specifications descriptive of duties, responsibilities, requirements, and desirable qualifications of the classifications set forth in this section, may allocate and reallocate any position, office, or employment to the appropriate class among those set forth in this section on the basis of the duties, responsibilities, requirements, and qualifications of such positions, offices, or employments, may assign and reassign employees to the appropriate classifications *on the basis of the actual duties being performed* * * *." (Emphasis added.)

The issue is whether the record shows appellant is lawfully classified on the basis of the duties, responsibilities, requirements and qualifications of his position. If so, the board's conclusion is "supported by reliable,

probative and substantial evidence and is in accordance with law." (R. C. 119.12.)

The record indicates that appellant performed duties included in both examiner II and examiner III categories. However, the following excerpt from appellant's testimony is noteworthy:

"Q. (By Mr. Dunlap) Mr. Webb, you state that your immediate supervisor is an Examiner III?

"A. Right.

"Q. Would it be proper to classify you as a field man?

"A. Yes.

"Q. All right. Are the other field men under this same supervisor, Examiner II.'s, do you know?

"A. Yes.

"Q. Mr. Webb, when you do perform auditing duties would it be — I'm reading now, from the specifications for an Examiner II, would it be accurate to say in doing your audit work that you examine and audit employer's payroll works and prepare detailed audit records?

"A. Yes."

Mr. Arthur Day, Director of Personnel of the Bureau of Employment Services, testified before the board upon appellant's behalf. He stated that a person with appellant's training, experience and background, assigned to perform auditing work for the Bureau of Employment Services, would be classified examiner III. However, Mr. Day further testified that in his department examiners III perform somewhat different duties than appellant.

In any event, R. C. 143.09(B) provides for classification "on the basis of actual duties being performed." Thus, while appellant may be capable of being examiner III, his classification depends upon the duties he actually performs. Therefore, we find the order of the personnel board of review affirming appellant's examiner II classification is supported by reliable, probative and substantial ~~·'ence and is in accordance with law.

Whereupon, for the foregoing reasons, I concur in affirming the decision of the Franklin County Common Pleas Court.