The defendants' motion to suppress will be denied.

*Motion denied.*

FOLTZ, APPELLANT, *v.* KENT STATE UNIVERSITY ET AL., APPELLEES.

(No. 77-CV-02-681—Decided July 19, 1977.)

Common Pleas Court of Franklin County.

*Ms. Mary C. T. Bavis*, for appellant.
*Mr. William J. Brown*, attorney general, and *Mr. Marc Myers*, for appellees.

THOMPSON, J. This is an appeal from the State Personnel Board of Review Order of February 8, 1977, affirming a report and recommendation of a hearing examiner, rendered on December 22, 1976, affirming the reclassi-

fication of appellant, Kathleen E. Foltz, as a Stenographer II.

Effective January 4, 1976, the Director of Administrative Services placed appellant in the civil service classification of Stenographer II. Appellant, believing the classification erroneous, timely appealed her reclassification with the State Personnel Board of Review pursuant to R. C. 124.14(G), claiming she should have been classified either as Office Manager I or Secretary II. The hearing examiner recommended to the board of review that appellant's reclassification as a Stengrapher II be left undisturbed, which was affirmed by the board.

R. C. Section 124.14(A) provides in pertinent part as follows:

"The director of administrative services * * * shall group jobs within a classification so that the positions are similar enough in duties and responsibilities to be described by the same title, to have the same pay assigned with equity, and to have the same qualifications for selection applied."

This section clearly contemplates that "classification of state employees should be made upon the basis of the actual duties being performed." *Webb* v. *Bd. of Review* (1971), 27 Ohio App. 2d 226.

It appears to the court that in comparing appellant's duties as testified to in the record, with the duties outlined for a Stenographer II in the Ohio Classification Specifications, it becomes clear that appellant has been misclassified. At the administrative hearing, appellant testified that only about twenty percent of her time is consumed by all the duties described in the Ohio Classification Specifications for Stenographer II, Exhibit two (the hearing examiner took judicial notice of the Ohio Classification Specifications). Appellant's testimony was corroborated by the testimony of the Chairman of the Psychology Department of Kent State University, Dr. Roy Lilly, her immediate supervisor. Appellees offered little or no evidence to contradict appelant's testimony.

An examination of the Ohio Classification Specifications for Secretary II or Office Manager I, Exhibits three and

four, respectively, reveals that this appellant's classification, based on her actual duties as testified to by appellant, should be Secretary II. A memorandum written by the former Chairman of the Psychology Department of Kent State University, appellant's Exhibit B, the Department of Psychology's Organizational Scheme, appellant's Exhibit A and a directive from the Executive Committee of the Department of Psychology, appellant's Exhibit C, establishes appellant's duties that most nearly resemble those established for Secretary II as shown by the Ohio Classification Specifications (appellee's Exhibit three). Appellant's direct and cross-examination completely confirms Secretary II is the appropriate classification based upon her actual duties.

Accordingly, the hearing examiner's report and recommendations and the Order of the State Personnel Board of Review approving that recommendation is not supported by probative, reliable and substantial evidence. Appellant's testimony was uncontroverted and clearly demonstrates her misclassification. Her actual duties require a classification as a Secretary II. Kent State University presented no evidence to contradict appellant's testimony. Appellant's cross-examination amounted to little more than reinforcing her direct testimony. The one and only witness for appellees, Dr. Lilly, completely confirmed appellant's testimony.

Accordingly, upon a consideration of the entire record, the Order of the State Personnel Board of Review is hereby reversed and it is hereby ordered that appellant Foltz be reclassified as a Secretary II.

*Judgment accordingly.*