THE STATE, EX REL. HALLORAN, APPELLANT, *v.* ZAPATONY, TREASURER, APPELLEE.

[Cite as State, ex rel. Halloran, *v.* Zapatony (1984), 15 Ohio St. 3d 73.]

(No. 84-153—Decided December 28, 1984.)

*Mr. Dennis E. Halloran, pro se.*

*Mr. Thomas G. Petkewitz,* city attorney, and *Mr. J. Anthony Sawyer,* for appellee.

---

[2] " 'On an appeal as a matter of right from a judgment of the Court of Appeals in an action for an extraordinary writ, the Supreme Court will review the judgment as if the action had been originally filed in this court.' " *Bobb* v. *Marchant* (1984), 14 Ohio St. 3d 1, 2 at fn. 1; *State, ex rel. Taylor,* v. *Glasser* (1977), 50 Ohio St. 2d 165, 166-167 [4 O.O.3d 367].

*Per Curiam.* "In order to grant a writ of mandamus, the court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus.

Under Section 83 of the Charter of the city of Dayton, "'* * * the City Treasurer shall * * * disburse all public money * * * coming into his hands as City Treasurer, in pursuance of such regulations as may be prescribed by the authorities having lawful control over such funds." Accord R.C. 733.44.[3] The authority "having lawful control over such funds" is, of course, the court. R.C. 2941.51. It is implicit from Section 83 of Dayton's Charter and R.C. 733.44 that the city treasurer cannot issue a warrant in the absence of a valid order by the court to do so.

In *State, ex rel. Reynoldsburg,* v. *Banks* (1974), 37 Ohio St. 2d 56 [66 O.O.2d 159], we held that where authorization is clear, the payment of an account becomes a ministerial duty and a city treasurer can be compelled through mandamus to issue a warrant. Since the authorization by the court in this case permitted payment of only $100, the city treasurer was not under a "clear legal duty" to issue the warrant in excess of that amount.

In light of the foregoing, we do not reach the merit issue of whether the appellant was entitled to the full amount he requested in fees.

We note that in the recent decision of *State, ex rel. Wood,* v. *Christiansen* (1984), 14 Ohio St. 3d 27, we allowed a writ of mandamus requiring compensation of an attorney appointed to represent an indigent defendant. In that case, the judge who denied payment of the fee was joined as a party. We basically found that R.C. 2941.51 imposed on him a clear legal duty to approve the requested remuneration. In the instant action, however, only the city treasurer was named as a party. Consequently, we must hold that under the facts herein, the treasurer was under no obligation to issue a warrant for $237.50 without authorization by the court to do so. Therefore, the writ is denied.

*Writ denied.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[3] In pertinent part, R.C. 733.44 states that "funds shall be disbursed by the treasurer on the order of any person authorized by law or ordinance to issue orders therefor."