ADKINS, APPELLANT, *v.* STATE PERSONNEL BOARD OF REVIEW ET AL., APPELLEES.

(No. 50415 — Decided April 14, 1986.)

*Robert G. Byrom,* for appellant.

*Squire, Sanders & Dempsey* and *Hugh A. Madden,* for appellee Bedford City School District Board of Education.

*Brian Melling,* for appellee Bedford Civil Service Commission.

*Charles E. Merchant* and *K. J. Montgomery,* for appellee Bedford Heights Civil Service Commission.

ANN McMANAMON, J. Catherine Adkins, a school bus driver, challenges the dismissal by the common pleas court of her appeal from a decision of the State Personnel Board of Review ("the state board"). We hold that the trial court correctly found it was without subject matter jurisdiction to entertain the appeal.

Adkins was employed by appellee,

the Bedford City School District Board of Education ("the board of education") for three years. The Bedford City School District is a multi-city school district. In April 1983, Adkins received notice that her contract with the board of education would not be renewed. She filed timely notices of appeal and requests for oral hearing with the Bedford and Bedford Heights Civil Service Commissions pursuant to R.C. 124.34. Both commissions refused to review her case, asserting a lack of jurisdiction. Adkins did not appeal the commissions' decisions to the court of common pleas within fifteen days, as prescribed by R.C. 124.34 and 119.12. Instead, she appealed to the state board, which also declined to review her action on jurisdictional grounds.

Adkins timely appealed the state board's order of refusal to the court of common pleas. The board of education subsequently moved for judgment on the ground that the state board had properly determined that it lacked jurisdiction to hear Adkins's appeal. The trial court, in granting the motion, effectively upheld the state board's decision and dismissed the appeal for lack of jurisdiction. Adkins's appeal is timely. It raises one assignment of error for our review:

"The Court of Common Pleas erred in granting the motion of the appellee Board of Education for judgment on the record for the reason that the State Personnel Board of Review has the requisite jurisdiction to hear the appeal asserted by the appellant when the local commissions failed or refused to act, and the failure of the State Personnel Board of Review to hear such appeal is error wrongfully upheld by the Court's grant of appellee's motion for judgment."

The appellant contends that the state board has jurisdiction to consider an appeal from the removal of a non-teaching employee of a city school district. She maintains that the state board's duty to hear appeals from orders of appointing authorities pursuant to R.C. 124.03(A) necessarily includes classified employees of a local school district. We disagree.

R.C. 124.03 empowers the state board to:

"(A) Hear appeals, as provided by law, of employees in the classified state service from final decisions of appointing authorities * * *."

The "state service," however, does not include employees of a city school district. Instead, as provided by R.C. 124.01(B):

" 'State service' includes all such offices and positions in the service of the state, the counties, and general health districts thereof, *except* the cities, city health districts, and city school districts." (Emphasis added.)

Therefore, under R.C. 124.03(A), the state board has no power to hear this type of appeal.

R.C. 124.40, also relied upon by appellant to preserve her claim, confers no power upon the state board to transfer an appeal before it to the proper civil service commission. The state board may exercise only those duties and powers which its enabling legislation provides. *Hansen* v. *State Personnel Bd. of Review* (1977), 51 Ohio App. 2d 7, 5 O.O. 3d 118, 364 N.E. 2d 1386.

R.C. 124.40(A) clearly grants to the appropriate civil service commission, rather than the state board, jurisdiction to hear Adkins's appeal:

"* * * Such municipal civil service commission shall prescribe, amend, and enforce rules not inconsistent with this chapter for the classification of positions in the civil service of such city and city school district, and all the positions in the city health district; for examinations and resignations therefore; for appointments, promotions, removals, transfers, layoffs, suspensions,

reductions, and reinstatements therein; and for standardizing positions and maintaining efficiency therein. *The municipal civil service commission shall exercise all other powers and perform all other duties with respect to the civil service of such city, city school district, and city health district, as prescribed in this chapter and conferred upon the director of administrative services and the state personnel board of review with respect to the civil service of the state;* and all authority granted to the director and the board with respect to the service under their jurisdiction shall, except as otherwise provided by this chapter, be held to grant the same authority to the municipal civil service commission with respect to the service under its jurisdiction. The procedure applicable to reductions, suspensions, and removals, as provided for in section 124.34 of the Revised Code, shall govern the civil service of cities.* * *" (Emphasis added.)

Adkins nevertheless maintains that, because both civil service commissions refused to review the board of education's non-renewal of her contract, the state board was obligated to provide her with civil service protection.

At the time Adkins prosecuted her appeal, R.C. Chapter 124 provided no clear review procedures for employees of multi-city school districts. See *State, ex rel. Alford,* v. *Willoughby Civ. Serv. Comm.* (1981), 67 Ohio St. 2d 260, 21 O.O. 3d 163, 423 N.E. 2d 457; *Cleveland Hts. Civ. Serv. Comm.* v. *University Hts. Civ. Serv. Comm.* (Aug. 21, 1980), Cuyahoga App. No. 41759, unreported. Approximately two months after Adkins received notice of her removal, the legislature enacted R.C. 124.011, effective June 20, 1983. That section clearly authorizes appeals by multi-city school district employees to a specific municipal civil service commission.

It is appellant's position that since the law relative to classified civil service employees in multi-city school districts was in a state of flux prior to the enactment of R.C. 124.011, Adkins did not know which civil service entity was required to provide her protection. For this reason, she attempted to appeal her dismissal to the state board before appealing directly to the court of common pleas. Appellant further posits that R.C. 124.011 has only prospective application and, therefore, the state board was and is the only forum available to hear her appeal.

This court has never decided whether R.C. 124.011 has retroactive effect, nor do we reach that issue today. See *State ex rel. Grant,* v. *Warrensville Hts. City School Dist. Bd. of Edn.* (Oct 11, 1984), Cuyahoga App. No. 48312, unreported. Adkins failed to pursue the proper appeal procedures set forth in R.C. 124.34 to enforce her civil service protection. That section provides in pertinent part:

"In cases of removal or reduction in pay for disciplinary reasons, either the appointing authority or the officers or employee may appeal from the decision of the state personnel board of review or the commission to the court of common pleas of the county in which the employee resides in accordance with the procedure provided by section 119.12 of the Revised Code."

This section requires an employee who challenges a removal to appeal first to the appropriate civil service commission and then to the court of common pleas. The Supreme Court has held that the denial by a civil service commission of jurisdiction over an employee's appeal is a final appealable order which may be appealed to the court of common pleas. *State, ex rel. Henderson,* v. *Maple Hts. Civ. Serv. Comm.* (1980), 63 Ohio St. 2d 39, 17 O.O. 3d 24, 406 N.E. 2d 1105. The *Henderson* court held that the failure to pursue such an appeal bars a subse-

quent collateral attack by mandamus action brought to challenge the commission's decision to decline jurisdiction. *Id.* at 41, 17 O.O. 3d at 25, 406 N.E. 2d at 1106. See, also, *State, ex rel. Ohio Assn. of Public School Employees,* v. *Orange City School Dist. Bd. of Edn.* (Mar. 29, 1984), Cuyahoga App. No. 47242, unreported.

In the instant case, when the civil service commissions declined jurisdiction over Adkins's appeals, her recourse was direct appeal of each order to the common pleas court. Adkins admits her failure to file timely appeals from those decisions, yet argues that she had no forum under the law in which to obtain review of her allegedly improper removal. This argument fails. The appellate remedies provided in R.C. 124.34 existed prior to and notwithstanding the enactment of R.C. 124.011. Had Adkins timely appealed from the commissions' refusals to hear her appeals, the trial court would have had jurisdiction to rule upon the propriety of their actions. We agree with the board of education that Adkins cannot now seek a safe harbor by arguing that the state board must provide protection for her claim. Her failure to follow the proper avenue of appeal is fatal.

Since the state board lacked jurisdiction to hear the merits of this appeal, the trial court had no jurisdiction to do so. *Webb* v. *State Personnel Bd. of Review* (1971), 27 Ohio App. 2d 226, 56 O.O. 2d 398, 273 N.E. 2d 911.

Accordingly, appellant's assignment of error is not well-taken, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

MARKUS, P.J., and PATTON, J., concur.