THE STATE, EX REL. MARCO, APPELLANT, *v.* JAFFE, JUDGE, APPELLEE.

[Cite as State, ex rel. Marco, *v.* Jaffe (1986), 25 Ohio St. 3d 236.]

(No. 86-19—Decided August 6, 1986.)

237

*Richard J. Marco, Jr.,* for appellant.

*John T. Corrigan,* prosecuting attorney, and *Colleen C. Cooney,* for appellee.

*Per Curiam.* It is well-settled that entitlement to the extraordinary writ of mandamus is contingent upon a demonstration that "the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53], paragraph one of the syllabus; *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29.

R.C. 2941.51 provides, in pertinent part:

"(A) Counsel appointed to a case or selected by an indigent person under division (E) of section 120.16 or division (E) of section 120.26 of the

Revised Code, or otherwise appointed by the court, except for counsel appointed by the court to provide legal representation for a person charged with a violation of an ordinance of a municipal corporation, shall be paid for their services by the county the compensation and expenses that the trial court approves. Each request for payment shall be accompanied by an affidavit of indigency completed by the indigent person on forms prescribed by the state public defender. *Compensation and expenses shall not exceed the amounts fixed by the board of county commissioners pursuant to division (B) of this section.*

"(B) The board of county commissioners shall establish a schedule of fees by case or on an hourly basis to be paid by the county for legal services provided by appointed counsel. Prior to establishing such schedule, the board shall request the bar association or associations of the county to submit a proposed schedule. The schedule submitted shall be subject to the review, amendment, and approval of the board of county commissioners." (Emphasis added.)

As is readily apparent from the foregoing statute, compensation for court-appointed counsel is to be approved by the trial court, but in no case is the compensation set by the court to exceed amounts fixed by the board of commissioners pursuant to division (B). In addition, the statute authorizes county commissioners to establish fee schedules on either an hourly or case-by-case basis.

In the instant case, the fee schedule adopted by the county commissioners imposed $750 as the maximum compensation for defending a person charged with rape. Appellee awarded appellant precisely this amount plus $40 for expenses. In view of the fact that appellee made the maximum award allowable, we are unable to accept appellant's argument that appellee was under a clear legal duty to make a greater award. Moreover, if appellee was under any clear legal duty whatsoever, it was to make an award within the limitations set by the board of county commissioners, since to exceed such limitations is expressly prohibited by the last sentence of division (A) of R.C. 2941.51.

In spite of the foregoing rationale, appellant directs our attention to the recent decision in *State, ex rel. Halloran,* v. *Zapatony* (1984), 15 Ohio St. 3d 73. In that case, an attorney appointed to represent an indigent defendant, charged with two misdemeanors, submitted to the court an application for fee payment in the amount of $237.50. The request was premised upon having devoted nine and one-half hours to the defense at a rate of $25 per hour. The case originated in Montgomery County and, in similar fashion to the fee schedule in the instant case, the Montgomery County Commissioners had authorized an hourly fee payment for in-court and out-of-court services, with a maximum payment for any misdemeanor defense. Nevertheless, the court denied the requested payment, stating that "One Hundred Dollars was all that two misdemeanor cases were worth." *Id.* at 73.

From this determination, the attorney filed an original action in mandamus, not against the judge, but instead, against the Treasurer of the city of Dayton, who had sent the attorney a warrant for $100. In affirming the denial of the writ, this court noted that the city treasurer was under no clear legal duty to issue a warrant in excess of the amount authorized by the trial judge. In essence, we observed that the attorney had proceeded against the wrong party if it was his desire to pursue a claim that the amount of his compensation constituted an abuse of discretion.

Likewise, in the present case, appellant has proceeded against the wrong party, albeit the trial court judge. We reach this conclusion on the basis of the nature of the fee structures and challenges presented thereto in *Halloran* as well as in the cause *sub judice.* In *Halloran,* the nature of the fee structure and the challenge presented concerning compensation dictated that if, in fact, an abuse of discretion was committed, it was certainly not committed by the city treasurer who had a ministerial duty to draft a warrant in the amount approved by the trial judge.[1] Conversely, if appellant possesses a colorable action, whether it be in mandamus or otherwise, such action does not lie against the trial judge who made the maximum award allowable under the fee schedule, but rather, against the promulgators of the fee schedule itself.

For the foregoing reasons, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[1] In *Halloran,* there was no challenge to the fee schedule adopted by the county commissioners authorizing compensation of $30 per hour for in-court services and $25 per hour for legal services rendered out of court, with a maximum award of $500 for defending an indigent charged with a misdemeanor. Instead, the attorney challenged the determination relative to the number of hours deemed to be compensable given the nature of the charges and the defenses presented. Stated otherwise, there was no challenge to the maximum payment adopted by the county commissioners.