DECISION.
Relators work for the Cincinnati Metropolitan Sewer District as senior plant operators. They applied to respondent, the Cincinnati Civil Service Commission, for reclassification to the position of plant supervisor, contending that their job duties were consistent with that position. The commission denied relators' applications.
Relators did not appeal the commission's decision to the court of common pleas. Instead, they filed an original action in this court seeking a writ of mandamus directing the commission to reclassify them to the position of plant supervisor and to award all the back pay and benefits to which they would have been entitled if they had been properly classified. They also filed a motion for summary judgment, in which they contended that they were entitled to judgment as a matter of law.
This court has subsequently directed the parties to file briefs on the issue of whether relators could have appealed the commission's decision to the court of common pleas. After reviewing the applicable law, we hold that there was an available administrative appeal. Therefore, relators had an adequate remedy at law, and they are not entitled to a writ of mandamus.
To grant a writ of mandamus, the court must find the following: (1) that the relator has a clear legal right to the relief prayed for; (2) that the respondent is under a clear legal duty to perform the requested act; and (3) that the relator has no plain and adequate remedy at law.State ex rel. Halloran v. Zapatony (1984), 15 Ohio St.3d 73, 74,472 N.E.2d 357, 358; State ex rel. Cole v. Laumann (1990),69 Ohio App.3d 464, 466-467, 590 N.E.2d 1335, 1336. Mandamus is an appropriate remedy to compel compliance with the civil service laws, provided that these three requirements are met. State ex rel. Bush v.Spurlock (1992), 63 Ohio St.3d 453, 458, 588 N.E.2d 840, 844.
Adequate administrative remedies preclude the availability of the extraordinary remedy of mandamus. State ex rel. Bardo v. Lyndhurst
(1988), 37 Ohio St.3d 106, 112, 524 N.E.2d 447, 453, limited on other grounds by State ex rel. Bednar v. N. Canton (1994), 69 Ohio St.3d 278,631 N.E.2d 621. The right to pursue an appeal is an adequate remedy at law, and the failure to pursue an appeal bars a subsequent collateral attack by a mandamus action. State ex rel. Marshall v. Civil Serv. Comm.of Columbus (1968), 14 Ohio St.2d 226, 237 N.E.2d 392, syllabus; Adkinsv. State Personnel Bd. of Rev. (1986), 32 Ohio App.3d 32, 34-35,513 N.E.2d 808, 810; Rothrock v. Mentor-on-the-Lake (Oct. 24, 1986), Lake App. No. 11-084, unreported.
The commission argues that relators had a right to appeal the commission's decision pursuant to R.C. 124.34 and 119.12. Neither of these statutes applies to this case. Nevertheless, the Ohio Supreme Court and this court have held that when neither the local civil service rules nor state law preclude an appeal, a decision of the civil service commission is appealable pursuant to R.C. 2506.01 et seq. Nuspl v.Akron (1991), 61 Ohio St.3d 511, 513-515, 575 N.E.2d 447, 448-449;McAlpin v. Shirey (1997), 121 Ohio App.3d 68, 72, 698 N.E.2d 1051, 1054. Accord Brunnett v. Ohio Dept. of Transp. (Aug. 1, 1996), Franklin App. Nos. 96APE02-133 and 96APE02-134, unreported; Ramacciatti v. Cleveland
(July 7, 1994), Cuyahoga App. No. 66678, unreported. The civil service rules gave relators the right to ask the commission for reclassification. Because relators could have appealed the commission's denial of their request for reclassification to the court of common pleas, they had an adequate remedy at law.
Relators contend that the civil service commission rules did not provide for an appeal of the commission's decision. However, the Cincinnati city charter declares that "[t]he laws of the state of Ohio not inconsistent with this charter, except those declared inoperative by ordinance of the council, shall have the force and effect of ordinances of the city of Cincinnati; but in the event of conflict between any such law and any municipal ordinance or resolution the provisions of the ordinance or resolution shall prevail and control." Section 2, Article II, Cincinnati Charter. This provision is in accord with case law stating that a city charter prevails over state law only in the case of an express conflict. Bednar, supra, at 280, 631 N.E.2d at 624. Because the civil service rules contain no provision regarding an appeal from the commission's decision on reclassification issues, no express conflict exists with R.C. Chapter 2506. Therefore the civil service rules do not preclude an administrative appeal according to that chapter.
Relators also rely on State ex rel Hipp. v. N. Canton (1996),75 Ohio St.3d 221, 661 N.E.2d 1090, in which the supreme court stated that "[m]andamus is an appropriate remedy in wrongful-denial-of-promotion cases." Id. at 222, 661 N.E.2d at 1092. We do not find that case to be dispositive. First, that case involved a denial of promotion, not the reclassification of positions, and the issues are not so similar as to require automatic application of its reasoning.
Second, in support of the proposition that mandamus is appropriate in wrongful-denial-of-promotion cases, the supreme court cited to its previous decision in the same case, State ex rel. Hipp v. N. Canton
(1994), 70 Ohio St.3d 102, 637 N.E.2d 317 (Hipp I). In Hipp I, the court did state that it had previously approved mandamus as the appropriate remedy in wrongful-denial-of-promotion cases. However, it also stated that "[g]iven only the pleadings in this case, with no information as to the contents of any collective bargaining agreement, grievance procedure, or protest procedure, we fail to see how the court of appeals could have perceived that appellant had an adequate remedy." Id. at 103, 637 N.E.2d at 319. See, also, State ex rel. Parsons v. Fleming
(1994), 68 Ohio St.3d 509, 628 N.E.2d 1377 (adequate grievance procedure under collective-bargaining agreement precludes writ of mandamus). Consequently, the holding that mandamus was an appropriate remedy was based on the facts of that case and did not set forth a blanket rule that mandamus is always appropriate in cases involving promotions.
Further, in acknowledging that it had granted writs of mandamus in cases involving promotions, the court cited to Bardo and Bednar, supra.Hipp I, supra, at 103-104, 637 N.E.2d at 319. In Bardo, the city argued that the relator had an adequate administrative remedy under the grievance procedures in a collective-bargaining agreement. The court ultimately held that because promotions were not covered by the collective-bargaining agreement, the relator had no adequate remedy at law. Bardo, supra, at 112-113, 524 N.E.2d at 453-454.
In Bednar, the issues presented were whether the provisions of the city charter gave city officials discretion to fill the vacancy in the position that the relator sought, and whether the charter conflicted with the state law that the relator claimed was applicable. The court did not discuss the issue of whether the relator had an adequate remedy at law. A review of the appellate court decision in that case shows that the city had abandoned any argument that the relator had an adequate remedy at law. State ex rel. Bednar v. N. Canton (Jan. 29, 1993), Stark App. No. CA-9047, unreported.
For these reasons, we conclude that this line of cases is distinguishable and does not support relators' claim that mandamus is an appropriate remedy in this case. In sum, we hold that because relators could have pursued an administrative appeal of the commission's decision denying their requests for reclassification, they had an adequate remedy at law. Therefore, we deny relators' request for a writ of mandamus and we overrule their motion for summary judgment.
Hildebrandt, P.J., Doan and Winkler, JJ.