KEATON, APPELLANT, *v.* STATE OF
OHIO, DEPT. OF COMMERCE, DIVISION OF
REAL ESTATE, OHIO REAL ESTATE
COMMISSION ET AL., APPELLEES.

(No. 81AP-239—Decided
November 24, 1981.)

*Messrs. Thompson, Swope, Burns &
Biswas* and *Mr. Richard F. Swope,* for appellant.

*Mr. William J. Brown,* attorney
general, and *Mr. Michael L. Squillace,* for
appellees.

MOYER, J. This matter is before us on
the appeal of appellant, Milton W.
Keaton, from a judgment of the Court of
Common Pleas of Franklin County
affirming an order of the Ohio State Real
Estate Commission suspending appellant
Keaton's real estate broker's license for a
period of thirty days.

Appellant is a licensed real estate
broker who did business as Wayne Keaton
Realty at the time the activities in this
case occurred. He was also a half partner
in a construction company doing business
as Keaton & Mauk Builders. From 1977 to
July 1978, complainant-appellee, Guy
Lively, was employed by Wayne Keaton
Realty as a real estate salesman.

In April 1978, in the course of his
employment, Lively procured a lot for Mr.
and Mrs. Constable and arranged for the
signing of a contract between the Constables and Keaton & Mauk Builders for
the construction of a house on the lot.
Lively was to receive the customary six
percent commission on the contract price,
which would have amounted to $2,228.25.

Because of cost overruns and disputes
with the Constables regarding the quality
of their work on the house, Keaton &
Mauk Builders sustained a loss of several
thousand dollars on the construction of
the house. Apparently because of this
loss, Keaton & Mauk Builders did not pay
a broker's fee to Wayne Keaton Realty at
the closing. After the "final draw" of the
contract monies by Keaton & Mauk
Builders in November 1979, Lively requested his commission from appellant.
Appellant informed Lively of the loss sustained by the construction company but
told Lively that appellant would make up
the amount to him by sharing commissions on future sales.

Lively's complaint, filed with the
Department of Commerce, Division of
Real Estate, was heard by a hearing examiner who found that appellant had
made no false promise to Lively [R.C.
4735.18(B)], that he had not failed within
a reasonable time to account for or remit
money coming into his possession which
belonged to others [R.C. 4735.18(E)], and
that he had not failed within a reasonable
time after the receipt of a commission to
render an accounting and pay to a
salesman his share thereof [R.C.
4735.18(DD)]. The hearing examiner further found that appellant's conduct did
not constitute dishonest or illegal dealing
[R.C. 4735.18(F)]. However, the hearing
examiner found that appellant was guilty
of misconduct and possibly incompetence,
because his dual role as broker and builder
had led to Lively's failure to receive his
commission. The Real Estate Commission
adopted the hearing examiner's findings
of fact, conclusions of law and recommendations, and ordered that appellant's real

estate broker's license be suspended for thirty days.

Appellant raises the following eight assignments of error in support of his appeal:

"1. The trial court erred in not holding that Section 4735.18(F), Revised Code, failed to adequately advise licensee what shall be considered misconduct and is thereby so vague, ambiguous and nebulous as to result in the taking of appellant's license without due process guaranteed by the 5th and 14th Amendments to the Constitution of the United States and similar provisions of the Ohio Constitution.

"2. The trial court failed to sustain appellant's contention that the order was not supported by any evidence of misconduct prohibited by rule or statute, and the proposed suspension thereby results in a taking of appellant's license and privilege granted thereunder without due process of law as guaranteed by the 5th and 14th Amendments to the Constitution of the United States and similar provisions of the Ohio Constitution.

"3. The trial court erred in finding that the orders of the referee adopted by the Ohio Real Estate Commission were supported by reliable, substantial, and probative evidence as required by Chapter 119, Revised Code.

"4. The trial court erred in ruling that the findings and orders made by the referee and adopted by the Ohio Real Estate Commission were in accord with law as required by Chapter 119, Revised Code.

"5. The trial court erred in ruling that the notice of violation given by the agency specifying alleged violation does not [sic] conform to the requirements of Chapter 119, Revised Code in setting forth the charge and the reason for the proposed revocation or suspension.

"6. The trial court erred in finding that the order complied with the requirements of Chapter 119.12 in that the order was arbitrary, unreasonable and capricious and that appellant did not violate a specific rule or law applying to a licensed real estate broker and the penalty was totally arbitrary, unreasonable and capricious and that it bore no relationship to the injury allegedly suffered by the complainant or the record of the licensee.

"7. The order is contrary to law on other legal and evidentiary and constitutional grounds manifested on the face of the record.

"8. The trial court erred in ruling the Ohio Real Estate Commission did not err in overruling the appellant's objection to the hearing officer's report and the legal objection contained herein [sic]."

In support of his first assignment of error, appellant argues that the term "misconduct" in R.C. 4735.18(F) is unconstitutionally vague, and that charging him thereunder constitutes a violation of his right to due process of law. Misconduct is a general term which is not defined in R.C. Chapter 4735. However, Ohio Adm. Code 1301:5-3-08 provides a sufficient definition of the term to put on notice appellant or anyone bound by R.C. 4735.18(F). That code section states that a violation of the Canons of Ethics for the Real Estate Industry shall be considered "misconduct" under R.C. 4735.18(F). Although appellees have failed to provide copies of pertinent articles of the Canons of Ethics as required by App. R. 16(E), they have quoted Articles 1 and 19 thereof in their brief, and those citations have not been challenged by appellant. They are therefore taken as accurate.

Article 1 of the Canons of Ethics as stated by appellees provides that a licensee should:

"* * * Endeavor to maintain and establish higher standards of professional conduct and integrity in his dealings with members of the public as well as with fellow licensees and, further, seek to avoid even the appearance of impropriety in his activities as a licensee."

Appellant was confronted with a conflict of interests which had the ap-

pearance of impropriety. Appellant apparently subordinated his role as a broker to his role as a builder to the detriment of Mr. Lively. We believe Article 1 of the Canons of Ethics is sufficient to put appellant on notice that he may not neglect his duty to his employee in order to benefit himself or another company of which he is a part owner. Appellant may dispute whether he received any benefit from the failure of the building company to pay a commission because the company had already sustained a loss on the house. However, the failure to incur greater debt is a benefit. The maintenance of the dual roles of broker and builder is not in itself misconduct. However, when a broker occupies the dual role he must be aware of his duties in both roles, must fulfill them scrupulously, and should be aware that failure to do so will subject him to sanctions by the authority by which he is licensed.

Appellant should have known that his conduct was proscribed. R.C. 4735.18(F), as applied in this case, is not so vague as to violate the due process provisions of the Ohio and United States Constitutions. Appellant's first assignment of error is overruled.

In support of his second assignment of error, appellant argues that the order of the Real Estate Commission was not supported by evidence that he had ever received a commission from Keaton & Mauk Builders and that the order therefore violates his right to due process. While his statement of the facts is correct, receipt of a commission was not the basis for the finding of misconduct by the Commission. As we have stated, the misconduct derives from the failure of appellant to fulfill his duties as a realtor by failing to collect a commission for his employee.

Appellant, in his capacity as a realtor, did not attempt to force the obligation of the building company to pay the commission. Appellant's ownership of both companies gives the appearance that he acted less vigorously as a broker on behalf of his

employee than he would have if he were not an owner of the building company. His duty to obtain the commission for his employee was not absolved by the special knowledge he had that the building company could not pay the fee. The evidence supports the finding of misconduct, and the second assignment of error is overruled.

In support of his third assignment of error, appellant argues that the trial court erred by finding that the order of the Real Estate Commission was supported by reliable, substantial and probative evidence as required by R.C. Chapter 119. The arguments raised in support of the third assignment of error have been disposed of by our discussion of the first and second assignments of error, and the third assignment of error is overruled.

The fourth assignment of error contends that the findings and orders of the Real Estate Commission are not in accordance with law. The arguments are based upon a claimed lack of evidence and, for the reasons stated *supra,* the fourth assignment of error is not well taken and is overruled.

The fifth assignment of error raises the question of whether the notice of charges received by appellant complies with R.C. 119.07. That section requires that the notice "* * * shall include the charges or other reasons for such proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice. * * *"

The charges against appellant were set out in Schedule A of the notice that was served upon him as follows:

"(1) Relative to real estate located on Winchester Pike, Franklin County, Ohio on or about April 19, 1979, Mr. Milton W. Keaton did not pay to Mr. Guy Lively a commission he had earned relative thereto. Said actions constitute a violation of Ohio Revised Code Section 4735.18(DD), (B) and (E).

"(2) Relative to the real estate described in paragraph one, Mr. Milton W. Keaton did act in a manner constituting dishonest or illegal dealing, gross negligence, incompetency and/or misconduct. Said actions constitute a violation of Section 4735.18(F)."

The purpose of such a notice is to give a party charged with a violation adequate notice to enable him to prepare a defense to the charges. Paragraph one of the notice received by appellant adequately identifies the property and the transaction concerned. It also clearly sets out the conduct of which appellant was accused. The fact that appellant was found not to have violated R.C. 4735.18(B), (E) or (DD) does not render the notice ineffective. The second paragraph of the notice refers to the section of the code which appellant was found to have violated. Standing on its own, paragraph two would probably be inadequate. However, when read in conjunction with paragraph one, paragraph two sufficiently apprises appellant of the wrongful conduct. The fifth assignment of error is overruled.

In support of his sixth assignment of error, appellant argues that the order of the Real Estate Commission was arbitrary, unreasonable and capricious, and that the penalty bore no relationship to the injury suffered by Lively. Where a court of common pleas finds that an order is supported by reliable, probative and substantial evidence, it must affirm the order and may not reverse, vacate or modify such an order. *Henry's Cafe, Inc. v. Bd. of Liquor Control* (1959), 170 Ohio St. 233 [10 O.O.2d 177].

We, like the court of common pleas, have no authority to modify the order of the Real Estate Commission if we find the trial court committed no error prejudicial to the appellant. App. R. 12(B). However, we observe that the penalty imposed by the commission appears to be rather severe for the harm done. Appellant did pay the commission to his salesman before the hearing in this case. While a lesser penalty perhaps would have been justified, we have no authority having overruled all the assignments of error, nor does the trial court have any authority, to impose a lesser penalty. The sixth assignment of error is overruled.

Appellant's seventh assignment of error is not a proper assignment of error and is overruled.

In support of his eighth assignment of error, appellant argues that the Real Estate Commission should have sustained his objections to the report of the hearing officer. Because we have overruled the other assignments of error, appellant was not prejudiced by the failure of the Real Estate Commission to sustain his objections to the report of the hearing officer. The eighth assignment of error is not well taken and is overruled.

For the foregoing reasons, the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH, P.J., and BROWN, J., concur.

BROWN, J., retired, of the Court of Common Pleas of Coshocton County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.