VILLAGE OF MOSCOW, APPELLANT, *v.* OHIO UNEMPLOYMENT COMPENSATION BOARD OF REVIEW ET AL., APPELLEES.

16

*Thomas L. Blust,* for appellant.

*Richard Lippert,* for appellee board of review.

*Roger Chacksfield,* for appellee Skeene.

RINGLAND, J. This matter came on to be heard pursuant to an appeal under R.C. 4141.28(O). Appellant, the village of Moscow, has designated three assignments of error in respect to the referee's decision awarding unemployment compensation benefits to Dennis Skeene, a former employee of the village. Appellees are the Unemployment Compensation Board of Review, the Administrator of the Bureau of Employment Services, and Skeene.

The facts in the record indicate that Skeene applied for unemployment benefits at the Georgetown office of the Ohio Bureau of Employment Services ("OBES") on March 8, 1984, the day after he was removed as Police Chief of the village of Moscow. In the determination of his benefits rights, dated April 10, 1984, the OBES Administrator disallowed Skeene's claim, finding he had been discharged for just cause. The administrator affirmed his initial determination on May 7, 1984 following the claimant's request for reconsideration.

On May 9, 1984, Skeene filed his appeal of the administrator's decision on reconsideration. The date set for the hearing of his appeal was May 25, 1984. As indicated by the record, a notice of the scheduled hearing date was mailed to both Skeene and appellant on May 17, 1984. However, only Skeene and his counsel appeared before the referee for the hearing.

After listening to Skeene's sworn testimony, Referee Kenneth Horney reversed the administrator's determination and awarded benefits to the claimant. His decision was mailed on May 31, 1984.

On June 7, 1984, appellant filed an application with the Unemployment

(No. 84-CV-0569 — Decided February 26, 1985.)

Court of Common Pleas of Clermont County.

Compensation Board of Review (hereinafter referred to as "appellee") to institute a further appeal. The basis of the village's appeal was that it had not received the notice of the scheduled hearing. The affidavit of Theresa Prebble, Village Clerk, stating she had not received the notice, accompanied the application. The board disallowed appellant's request for further appeal on July 20, 1984.

Appellant's first assignment of error states:

"The Board of Employment Services Board of Review erred in denying further review of the Referee's decision and in the alternative in denying remand for further hearing in that the appellant was denied due process in not receiving proper notice of the hearing before the Referee."

R.C. 4141.28(J), the Revised Code section governing an appeal of the administrator's decision upon reconsideration before a referee, clearly guarantees procedural due process rights to all parties. Whichever party initiates the appeal — the employee or his employer — each is entitled to notice and an opportunity to be heard once such an appeal has been taken. The guarantee of these rights is found in the beginning sentence of section (J) which states:

"When an appeal from a decision on reconsideration of the administrator or deputy is taken, *all interested parties shall be notified* and the board or a referee shall, after affording such parties *reasonable opportunity for a fair hearing,* affirm, modify, or reverse the findings of fact and the decision of the administrator or deputy in the manner which appears just and proper." (Emphasis added.)

The issue therefore involves a consideration of ramifications when the non-appealing party claims no prior notice of the referee's hearing. Initially this court considered *Warren Sanitary Milk Co.* v. *Bd. of Review* (C.P. 1961), 87 Ohio Law Abs. 195 [21 O.O.2d 407]. However, since this case discussed the statute before amendment, the court finds that its holding is not applicable. Recent authority exists, however, concerning due process issues as they pertain to the party who wishes to institute an appeal under R.C. 4141.28(H). Since both parties stand on equal footing with respect to their due process rights, it is appropriate to apply the standards developed under this section to the non-appealing party.

Under R.C. 4141.28(H), the event which triggers a potential hearing before a referee is the mailing of the administrator's decision on reconsideration to both the claimant and his employer. An interested party who wants to challenge this decision must file his appeal "within fourteen calendar days after such decision was mailed * * *." R.C. 4141.28(H). This fourteen-day appeal rule must be met before the board or a referee has jurisdiction to take the appeal. See *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277 [18 O.O.3d 463], discussing related R.C. 4141.28(L).

Because time begins on the date of mailing, the burden of showing when the administrator's decision was mailed is on the public agency. *Wycuff* v. *Fotomat Corp.* (1974), 38 Ohio St. 2d 196, 197 [67 O.O.2d 205]. A stamped notation as to the date of such mailing is insufficient proof of such date. *King* v. *Garnes* (1973), 36 Ohio St. 2d 187, 188 [65 O.O.2d 404]; see, also, *Proctor* v. *Giles* (1980), 61 Ohio St. 2d 211, 213 [15 O.O.3d 227]. The standard of required proof is a certification of the date of mailing by an employee of the agency. *McCruter, supra,* at 279.

A review of the administrator's file and the board of review's file reveals that only the appellee's decision disallowing the village's application to

institute a further appeal is accompanied by an affidavit of mailing. The notice to Skeene and appellant about the date scheduled for the referee's hearing has only "May 17, 1984" typed next to the printed "Date of Mailing" at the bottom of the page. The record or transcript contains no affidavit about this mailing date. Under the criteria of *Wycuff, King,* and *Proctor,* therefore, appellee has not met its burden of proving the date of mailing. The notice of the hearing certainly is just as important to a non-appealing party as the administrator's decision is to a party who wants to initiate an appeal.

Appellee argues that R.C. 4141.28(J) itself provides the appropriate remedy when a non-appealing party claims he has not received notice of the hearing. Subsection (2) provides:

"If the other [non-appealing] party fails to appear at such hearing, the referee or the board shall proceed with the hearing and shall issue a decision without further hearing, provided due notice of the hearing was mailed to such party's last known address and good cause for his failure to appear is not shown that referee or board within ten days after the hearing date * * *."

The substance of appellee's argument is that the agent's lack of proof that notice was sent to the non-appealing party does not prevent a referee from issuing his decision without further hearing. His reading of the statute shifts the burden. It is the non-appealing party's duty to come forward and show good cause for his failure to appear.

Appellee's argument is in conflict with the opening sentence of R.C. 4141.28(J), guaranteeing a non-appealing party due process rights. Appellee's interpretation would impose a ludicrous burden on the party who, under the circumstances of this case, is or would not even be aware that a hearing was scheduled. Further, this interpretation would imply that the notice, which did not arrive in the week before the hearing, would nonetheless reach its destination in the succeeding ten days in time for the party to protest. The facts herein illustrate the unreasonableness of appellee's interpretation. The mailed notice of the scheduled hearing did not ever reach the appellant. The first notice the appellant received of the proceedings was the arrival of the referee's decision, which was mailed on May 31, 1984 but not received by the village until June 5, 1984. Thus the only "notice" the village had was the referee's decision, which came one day too late for appellant to make its good cause showing.

A better construction of R.C. 4141.28(J)(2) is to read the two requirements as duties of the referee. It is his job to see that due notice of the hearing was mailed and to wait ten days for the non-appealing party to make a good cause showing, either to him or the appellee, before he issues his decision without further hearing. In this manner, the constitutionality of the code section is preserved inasmuch as the non-appealing party's due process rights would be protected. While appellee may find this a strained construction, prior cases hold that a strained construction is not only permissible, but desirable, if it is the only construction that will save constitutionality. *Knights Templars' & Masons' Life Indemn. Co.* v. *Jarman* (1902), 187 U.S. 197; *State, ex rel. Weinberger,* v. *Miller* (1912), 87 Ohio St. 12; *Warren Sanitary Milk Co.* v. *Bd. of Review, supra.*

The court notes also the holding of *Holmes* v. *Press* (1980), 64 Ohio St. 2d 187 [18 O.O.3d 405], in which the Ohio Supreme Court upheld the constitutionality of the fourteen-day appeal rule of R.C. 4141.28(H); and *U.A.W.* v. *Giles* (N.D. Ohio 1982), 5 OBR 300, in which the United States District Court resoundingly criticizes the entire statute's scheme of providing notice.

The basis of the *Holmes* decision was

that the bureau's system of ordinary mail meets the test of *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U.S. 306. That test required that a method for providing notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 314. The need for such notice to be certified by an agency employee was mentioned in Justice Locher's dissent and indicated that the court majority considered this safeguard in arriving at its conclusion.

The *Giles* decision examined the Bureau's use of ordinary mail from the intended recipient's viewpoint. "The fact that a claimant did not receive the notice does not toll the fourteen day period." *Giles, supra,* at 301. It is this feature of the operation of the fourteen-day appeal rule which disturbed Magistrate Carr. To illustrate his perception of the unfairness of this feature, the magistrate contrasts the statute's notice scheme with that used for civil actions under the Ohio Rules of Civil Procedure. In the latter case, certified mail is the customary method used by a plaintiff when instituting his civil suit. The return receipt provides *actual notice* that the complaint at least arrived at the appropriate address, even though it does not testify to the fact that it was actually received by the right recipient.

Besides its suggestion that the bureau adopt certified mail as the notice mechanism, the district court set out a number of other alternatives that the bureau could use to improve the likelihood that an interested party would receive actual notice and an opportunity for a hearing. *Giles, supra,* at 312. Most of these, the court observed, could be implemented administratively, without the need for legislative action. *Id.* These suggestions aside, the ultimate resolution in *Giles* is that the claimants who are denied benefits due to the lack of timeliness of their appeals are entitled to a good cause hearing on this issue.

While the party before this court is not a claimant, the court believes the *Giles* mandate of a good cause hearing should apply with equal force to appellant. We note that, in its decision of July 20, 1984 disallowing appellant's application to institute a further appeal, appellee did not even acknowledge the village's due process claim as one of the issues.

The court, therefore, sustains appellant's first assignment of error and remands this cause to appellee for further hearing. Based upon review of the record this court will not reverse the judgment of the referee nor find that the referee should have disqualified himself; appellant's second and third assignments of error are overruled. See *Pate* v. *State Unemployment Comp. Bd. of Review* (Jan. 22, 1985), Warren App. No. CA84-06-038, unreported.

*Cause remanded.*