GEROC, APPELLANT, *v.* OHIO VETERINARY MEDICAL BOARD, APPELLEE.

(No. 51830 — Decided
April 6, 1987.)

*Jack N. Turoff,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Barbara A. Serve,* for appellee.

PATTON, J. Andrej Geroc, D.V.M., appeals the March 6, 1986 judgment of the Cuyahoga County Court of Common Pleas affirming the decision of the State Veterinary Medical Board which revoked his license to practice veterinary medicine in Ohio. Dr. Geroc additionally appeals from other judgments entered by the court on that same date which included the denial of his motion to dismiss because the State Veterinary Medical Board failed to timely certify the record. The facts giving rise to this appeal are as follows.

Dr. Geroc was licensed by the State Veterinary Medical Board (hereinafter "board") to practice veterinary medicine in Ohio. On February 13, 1984, the board sent Dr. Geroc a notice of proceedings against him. These proceedings were initiated as the result of complaints received by the board regarding Dr. Geroc's alleged substandard and questionable treat-

ment of two dogs. This notice alleged that Dr. Geroc's treatment constituted gross incompetence and gross negligence. The notice also informed Dr. Geroc of his right to a hearing on the allegations; however, Dr. Geroc failed to request a hearing. The board proceeded without a hearing and revoked Dr. Geroc's license on March 23, 1984.

Dr. Geroc appealed the revocation of his license to the Cuyahoga County Court of Common Pleas, but the appeal was dismissed by agreement of the parties on July 18, 1984. On the next day, Dr. Geroc sent a letter to the board requesting a hearing. The board sent Dr. Geroc a letter dated September 4, 1984 setting the requested hearing for September 19, 1984.

The hearing began on September 19, 1984. Dr. Geroc was absent for medical reasons but was represented by counsel. In order to obtain Dr. Geroc's testimony, the hearing was continued twice, but both rescheduled dates were cancelled at Dr. Geroc's request. Dr. Geroc's testimony was never obtained. However, he submitted a written response which was read and considered by the board members. The hearing was concluded on February 28, 1985. Neither Dr. Geroc nor his attorney was present. Despite their absence, the written closing arguments of Dr. Geroc were presented.

On June 10, 1985, the board announced its decision to revoke Dr. Geroc's license to practice veterinary medicine in Ohio. Dr. Geroc filed a petition for reconsideration with the board on June 19, 1985. Dr. Geroc also filed a notice of appeal in the Cuyahoga County Court of Common Pleas on June 24, 1985. The board acknowledged that, on June 28, 1985, it received the notice of appeal that had been filed with the trial court. The board disputed the court's jurisdiction to hear Dr. Geroc's appeal because of Dr. Geroc's alleged

failure to timely file his notice of appeal with the board as required by R.C. 119.12. The board thus filed a motion to dismiss on August 6, 1985, contesting the court's jurisdiction. Dr. Geroc opposed the board's motion and also filed his own motion to dismiss, alleging that the board had failed to timely certify the record. Dr. Geroc then sought a finding in his favor pursuant to R.C. 119.12.

Attached to Dr. Geroc's brief in opposition to the board's motion to dismiss was his affidavit in which he stated that he had received the board's order on June 14, 1985. He further averred that he believed that the order was mailed to him on June 13, 1985. On September 25, 1985, the board certified its record of the proceedings involving Dr. Geroc to the court.

On March 6, 1986, the court denied the board's motion to dismiss for lack of subject matter jurisdiction. In addition, the court denied Dr. Geroc's motion to dismiss. On that same date, the court, upon consideration of the entire record, found that the board's revocation of Dr. Geroc's license was supported by reliable, probative and substantial evidence and was in accordance with the law and thereby affirmed the board's decision.

On April 1, 1986, Dr. Geroc filed a notice of appeal from the various judgments rendered by the court on March 6, 1986.

Dr. Geroc has assigned five errors for this court's review:

"I. The court erred in failing to grant appellant's motion to dismiss for appellee's failure to certify the record of proceedings within thirty days of receipt of appellant's notice of appeal, as required by O.R.C. Section 119.12.

"II. The court's failure to permit appellant to brief the issues on appeal from an agency's order is a violation of the requirements of O.R.C. Section 119.12.

"III. The Ohio Veterinary Medical Board (appellee) erred by failing to hold administrative hearings within fifteen days of appellant's requests, as required by Ohio Revised Code Section 119.07.

"IV. The board erred by failing to provide appellant with notice of the charges against him sufficient to allow him to prepare a defense.

"V. The trial court erred in determining that the decision of appellee board was supported by reliable, probative and substantial evidence."

I

Dr. Geroc filed a motion to dismiss in the trial court, claiming that the board failed to timely certify the record as required by R.C. 119.12. For his first assignment of error, Dr. Geroc argues that the court erred in failing to grant his motion to dismiss and that he is entitled to judgment in his favor.

The board, on the other hand, maintains that Dr. Geroc did not file a notice of appeal with the board within the time limits allowed under R.C. 119.12. The board argues that this failure is a jurisdictional defect and that its own failure to certify the record until September 25 was irrelevant because the court lacked jurisdiction to hear the appeal.[1]

R.C. 119.12 sets forth the procedure to be followed in appealing

---

[1] The board's arguments in the trial court and in this court focus singularly on its "lack of jurisdiction" claim. At this level, the board has contended that this court need not reach Dr. Geroc's first assignment of error because of the jurisdictional issue and has proposed a cross-assignment of error in this regard. This court need not address the cross-assignment because the board has failed to file a cross-appeal to contest the court's denial of its motion to dismiss for lack of jurisdiction.

adverse orders of administrative agencies:

"Any party desiring to appeal shall file a *notice of appeal with the agency* setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, *such notices of appeal shall be filed within fifteen days after the mailing* of the notice *of the agency's order* as provided in this section. * * *" (Emphasis added.)

In the instant case, Dr. Geroc filed his notice of appeal with the trial court on June 24, 1985. The board received this notice on June 28, 1985. The record indicates that Dr. Geroc filed an affidavit with the trial court stating that he did not receive notice of the board's order until June 14, 1985. He additionally averred that he believed that the order was mailed by the board on June 13, 1985. Thus, Dr. Geroc contends that the board's receipt of his notice of appeal on June 28, 1985 was timely pursuant to R.C. 119.12 to invoke the jurisdiction of the court.

The board claims that it mailed its June 10, 1985 order to Dr. Geroc in a timely fashion and, thus, the trial court did not have jurisdiction. This contention does not have merit.

Because the actual mailing of the order is the event which triggers the fifteen-day appeal period, the agency issuing the order bears the burden of establishing the actual date of mailing. Cf. *King* v. *Garnes* (1973), 36 Ohio St. 2d 187, 65 O.O. 2d 404, 305 N.E. 2d 798; *Wycuff* v. *Fotomat Corp.* (1974), 38 Ohio St. 2d 196, 67 O.O. 2d 205, 311 N.E. 2d 657; *Proctor* v. *Giles* (1980), 61 Ohio St. 2d 211, 15 O.O. 3d 227, 400 N.E. 2d 393. Unless the board can prove that its adjudication order was actually mailed to Dr. Geroc more than fifteen days prior to its receipt of the notice of appeal, then this court must presume that the notice of appeal was timely filed with the board.

In the instant case, the board argued in its briefs before this court and in open court that June 12, 1985 was the actual date of mailing. The board admitted that it failed to submit any proof of this date to the trial court. Although App. R. 9(A) usually precludes an appellate court from considering evidence not in the trial court record, the time allotted for filing a notice of appeal under R.C. 119.12 is jurisdictional, and issues pertaining to subject matter jurisdiction are non-waivable. See *Proctor, supra,* at 212-213, 15 O.O. 3d at 228, 400 N.E. 2d at 395, fn. 1.

The issue then becomes whether a certificate of mailing presented at this level is sufficient evidence to support a finding that the board's decision was mailed on June 12, 1985. In *McCruter* v. *Bd. of Review* (1980), 64 Ohio St. 2d 277, 279, 18 O.O. 3d 463, 464, 415 N.E. 2d 259, 260, the court stated that a certificate of mailing signed by an employee of the Bureau of Employment Services is sufficient evidence of the date of mailing. Likewise, in *Moscow* v. *Unemp. Comp. Bd. of Review* (1985), 23 Ohio Misc. 2d 15, 23 OBR 180, 491 N.E. 2d 744, the court, citing to *McCruter,* stated that "[t]he standard of required proof is a certification of the date of mailing by an employee of the agency." *Moscow, supra,* at 17, 23 OBR at 182, 491 N.E. 2d at 747.

In *Moscow,* the court applied R.C. 4141.28(H) to a situation where the non-appealing party claimed that it had not received prior notice of the referee's hearing. Under the criteria of *Wycuff, King* and *Proctor,* the *Moscow* court found that the Unemployment Compensation Board of Review did not meet its burden of proving the date of mailing when the record did not contain an affidavit about the mailing date.

In the instant case, the board has attached to its brief in this court a copy of a certificate of mailing which is dated June 12, 1985. However, there is no affidavit by an *employee of the agency* identifying this certificate as the one which accompanied the board's order to Dr. Geroc. Likewise, there is no other form of certification as to the date of mailing by an employee of the board. Consequently, the board has not met its burden of proving the date of mailing. Accordingly, Dr. Geroc's affidavit setting forth June 13, 1985 as a possible mailing date was not refuted, and therefore we presume that the notice of appeal was timely filed with the board to invoke the court's jurisdiction.

Once the notice of appeal is received by the board, the board is required within thirty days of receipt of this notice to prepare and to certify to the court a complete record of the proceedings in the case. R.C. 119.12. In the instant case, Dr. Geroc filed a motion to dismiss contending that the board had failed to timely certify the record in accordance with R.C. 119.12; therefore, he was entitled to judgment in his favor. This contention has merit.

R.C. 119.12 does not specify that the agency must file the record, but must *certify* it. See *Teeple* v. *Ohio Real Estate Comm.* (Nov. 19, 1981), Cuyahoga App. No. 43460, unreported. It has been repeatedly held that the total failure by an agency to timely certify its record in compliance with R.C. 119.12 places a mandatory duty upon the court of common pleas, upon motion, to take the action specified in R.C. 119.12 and enter a finding in favor of the party adversely affected. Although finding compliance by the agency, the Ohio Supreme Court recently reaffirmed this principle[2] in *Arlow* v. *Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St. 3d 153, 155, 24 OBR 371, 373, 493 N.E. 2d 1337, 1339, wherein it stated:

"Previously we have held, and affirm today, that '[w]here an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty days [the then existing time limit] after a receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant.' *Matash* v. *State* (1964), 177 Ohio St. 55 [29 O.O. 2d 153], syllabus. See, also, *State, ex rel. Crockett,* v. *Robinson* (1981), 67 Ohio St. 2d 363 [21 O.O. 3d 228]. We are not prepared, however, to declare

---

[2] But, cf., *Genoa Banking Co.* v. *Mills* (1983), 9 Ohio App. 3d 237, 9 OBR 410, 459 N.E. 2d 584, with *Luther* v. *Bur. of Emp. Serv.* (1984), 14 Ohio App. 3d 267, 14 OBR 296, 470 N.E. 2d 919 (both cases from the Franklin County Court of Appeals). In *Genoa,* the court held that the complete failure to certify the record of administrative proceedings within thirty days after the receipt of a notice of appeal to the common pleas court does not require the court to render judgment for the adversely affected party unless the party demonstrates that he was actually prejudiced. The *Genoa* court relied upon *Lorms* v. *State* (1976), 48 Ohio St. 2d 153, 2 O.O. 3d 336, 357 N.E. 2d 1067, which held that an agency's omission of items from the certified record does not require a finding for the appellant pursuant to R.C. 119.12 when the omissions do not prejudice the appellant in his appeal. In *Arlow* v. *Ohio Rehab. Serv. Comm.* (1986), 24 Ohio St. 3d 153, 156, 24 OBR 371, 373, 493 N.E. 2d 1337, 1340, the Ohio Supreme Court stated that the *Lorms* "exception does not vitiate the basic premise of R.C. 119.12 where *no* action has been taken to certify an administrative record" (emphasis sic).

that a record certified in fact to the common pleas court with an inaccurate or omitted case number constitutes a failure of certification."

In the instant case, a timely notice of appeal was received by the board and, thus, the board (contrary to its assertion) had the responsibility to certify the record within thirty days. This certification was not Dr. Geroc's responsibility. See *Davies* v. *Newark Civil Serv. Comm.* (May 31, 1985), Licking App. No. CA-3096, unreported.

From the time it received Dr. Geroc's notice of appeal, no other action was taken by the board until August 6, 1985 when it filed a motion to dismiss. The board's certification of the record did not occur until September 25, 1985, which was beyond the thirty-day requirement of the statute. Additionally, the record does not indicate that the court granted an extension to the board for it to certify the record. Accordingly, an agency's failure to certify the record in a timely manner as required by R.C. 119.12 mandates that the trial court, upon motion, enter a judgment in favor of the party adversely affected, Dr. Geroc herein. Thus, the trial court did err in overruling Dr. Geroc's motion to dismiss and in not entering judgment in his behalf as he requested. Under the facts of this case, the court was required to reinstate Dr. Geroc's license to practice veterinary medicine in Ohio. Thus, the judgment of the trial court should be vacated and judgment should be entered consistent with this opinion.

Appellant's first assignment of error is well-taken.

## II

This court's disposition of Dr. Geroc's first assignment of error has rendered his remaining four assignments of error moot. Nevertheless, this court is required pursuant to App. R. 12(A) to address all assignments of error.

For his second assignment of error, Dr. Geroc contends that the court's failure to permit him to argue the issues rendered the hearing mandated by R.C. 119.12 meaningless. According to Dr. Geroc, he was entitled to present an oral or written argument at a hearing.

R.C. 119.12 states in pertinent part:

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * may appeal * * * to the court of common pleas * * *.

"* * *

"The court shall conduct a hearing on such appeal * * *. The hearing in the court of common pleas shall proceed as in the trial of a civil action * * *. At such hearing, counsel *may* be heard on oral argument, briefs *may* be submitted, and evidence introduced if the court has granted a request for the presentation of additional evidence." (Emphasis added.)

Courts interpreting this portion of R.C. 119.12 have determined that an appellant before the trial court is entitled to a hearing and that this hearing is mandatory. See *Ohio Motor Vehicle Dealers Bd.* v. *Central Cadillac Co.* (1984), 14 Ohio St. 3d 64, 67, 14 OBR 456, 459, 471 N.E. 2d 488, 492. In *Central Cadillac*, the Ohio Supreme Court stated that "R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at the judge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence. * * *" *Id.* The hearing in the instant case was "upon consideration of the entire record," and thus the hearing mandated by the statute was held. The court was not required, as Dr. Geroc contends, to have the parties present oral or written arguments. *Central Cadillac, supra.*

Appellant's second assignment of error is not well-taken.

### III

For his third assignment of error, Dr. Geroc claims that the State Veterinary Medical Board erred by failing to hold an administrative hearing within fifteen days of his request as required by R.C. 119.07.

Dr. Geroc did not initially request a hearing upon the State Veterinary Medical Board's allegations and, as noted, the board revoked his license to practice veterinary medicine in Ohio without a hearing. Dr. Geroc appealed this order to the common pleas court. On July 18, 1984, the parties stipulated that the court would dismiss the action and the board would set the matter for hearing. On July 19, 1984, Dr. Geroc sent a letter to the board requesting said hearing.

Dr. Geroc misconstrues R.C. 119.07 to require a hearing to be held within fifteen days of his request of July 19, 1984. Rather, R.C. 119.07 mandates that the date for the hearing shall be set within fifteen days of a request for a hearing. R.C. 119.07 clearly states, in pertinent part:

"Whenever a party requests a hearing in accordance with this section and section 119.06 of the Revised Code, the agency *shall* immediately set the date, time, and place for such hearing and forthwith notify the party thereof. *The date set for such hearing shall be within fifteen days,* but not earlier than seven days, *after the party has requested a hearing,* unless otherwise agreed to by both the agency and the party.'' (Emphasis added.)

Notwithstanding Dr. Geroc's misinterpretation of the statute, the record does indicate that the board did not set the hearing until September 4, 1984, forty-seven days after his request, dated July 19, 1984. Thus, the board did err in failing to set the hear-

ing within the fifteen-day requirement of R.C. 119.07.

Appellant's third assignment of error is well-taken.

### IV

For his fourth assignment of error, Dr. Geroc claims that the notice of charges against him by the board was insufficient to allow him to prepare a defense. This contention is without merit.

The charges against Dr. Geroc were stated in the notice as follows:

"In accordance with Chapter 119, Ohio Revised Code, you are hereby notified that the State Veterinary Medical Board of Ohio intends to determine whether or not to issue a reprimand, or suspend, or revoke your license to practice veterinary medicine, under the provisions of Section 4741.22, Ohio Revised Code, for the following reason:

"(A) You are alleged to be guilty of violating Paragraph (R) of Section 4741.22, Ohio Revised Code, in that the following matter would constitute 'gross incompetence':

"(1) On or about November 11, 1982, you performed an operation on the dog of Henry L. Zupan in which an unapproved sucture [*sic*] material was used and subsequent problems developed.

"(2) The dog owned by David and Ellen Valentine in which an improper technique was used in treatment of the patient on or about July 1, 1983.

"Said act constitutes 'gross negligence' as the phrase is used in Section 4741.22(R), Ohio Revised Code.''

In *Keaton* v. *State* (1981), 2 Ohio App. 3d 480, 482-483, 2 OBR 606, 609, 442 N.E. 2d 1315, 1318, the court addressed the issue of whether the following notice was sufficient to apprise Keaton of the charges against him:

" '(1) Relative to real estate located on Winchester Pike, Franklin

County, Ohio on or about April 19, 1979, Mr. Milton W. Keaton did not pay to Mr. Guy Lively a commission he had earned relative thereto. Said actions constitute a violation of Ohio Revised Code Section[s] 4735.18(DD), (B) and (E).

" '(2) Relative to the real estate described in paragraph one, Mr. Milton W. Keaton did act in a manner constituting dishonest or illegal dealing, gross negligence, incompetency and/or misconduct. Said actions constitute a violation of Section 4735.18(F).' "

The court stated:

"The purpose of such a notice is to give a party charged with a violation adequate notice to enable him to prepare a defense to the charges. Paragraph one of the notice received by appellant adequately identifies the property and the transaction concerned. It also clearly sets out the conduct of which appellant was accused. The fact that appellant was found not to have violated R.C. 4735.18(B), (E) or (DD) does not render the notice ineffective. The second paragraph of the notice refers to the section of the code which appellant was found to have violated. Standing on its own, paragraph two would probably be inadequate. However, when read in conjunction with paragraph one, paragraph two sufficiently apprises appellant of the wrongful conduct. * * *" *Id.* at 483, 2 OBR at 609, 442 N.E. 2d at 1318-1319.

Similarly, when the various paragraphs of the notice at issue in the instant case are read jointly, the notice is sufficient.

Dr. Geroc's fourth assignment of error is not well-taken.

### V

We have stated previously that Dr. Geroc's first assignment of error is dispositive of the entire case. Because the board failed to certify the record within thirty days, the court should not have reached the merits of Dr. Geroc's argument that the decision of the board was not supported by reliable, probative and substantial evidence.

### VI

This case is remanded to the trial court with instructions to vacate its judgment and enter judgment consistent with this opinion.

*Judgment reversed
and cause remanded
with instructions.*

PRYATEL, P.J., and DAVID T. MATIA, J., concur.