## Brost
## v.
## State Medical Board of Ohio
*[Cite as 4 AOA 446]*

*Case No. 89AP-1488*
*Franklin County, (10th)*
*Decided June 28, 1990*

*Thomas M. Tyack & Associates Co., L.P.A., and Mr. Thomas M. Tyack, for Appellee.*

*Mr. Anthony J. Celebrezze, Jr., Attorney General, and Mr. Steven P. Dlott, for Appellant.*

BRYANT, J.

This case arises out of a disciplinary action that appellant, the State Medical Board of Ohio, brought against appellee. In October 1987, the board notified appellee that the board was consid-

ering taking disciplinary action against appellee in regard to appellee's treatment of "patient 1." In July 1988, a hearing examiner of the board held an evidentiary hearing in the matter. The hearing examiner's report found that, from August 20, 1984 through September 12, 1987, appellee prescribed substantial amounts of assorted Schedule II, Schedule III, and Schedule IV controlled substanced to patient 1. The majority of the dosage units were of valium 5 mg., although appellee also prescribed substances such as Seconal, Percodan, Preludin, and Dilaudid.

Appellee testified at the hearing that he met patient 1 in the early summer of 1983 and the two began living together in February or March 1984, after which patient 1 became appellee's wife. Appellee testified that he realized patient 1 "had a chemical dependency problem" in the spring of 1984. Patient 1 testified that she indeed had been addicted to alcohol, heroin, and barbiturates before she met appellee.

The hearing examiner analyzed in some detail appellee's reasons for prescribing controlled substances to his wife. For example, appellee testified that he prescribed Preludin 25 mg. to her for weight loss. However, the hearing examiner found no medical indication that patient 1 was obese or that she had tried alternative therapies. In addition, appellee testified that he did not always know into which schedule in R.C. 3719.41 the controlled substances he prescribed fell, and that he had no specific training in "addictionology." Ultimately, the hearing examiner determined that "Dr. Brost knew or should have known that, by providing these controlled substances for patient 1, he was merely perpetuating her drug addiction. Such *action can only be characterized as blatant viola-tions* of the provisions of law set forth above [*i.e.,* R.C. 4731.22(B)(2), (3), and (6)]." The hearing examiner also found that appellee violated R.C. 4731.22(B)(2) and (B)(6) for failing to maintain complete and accurate records of his treatment of patient 1. The hearing examiner recommended that the board permanently revoke appellee's license to practice medicine on the basis of appellee's "knowingly furnishing drugs to an addict, prescribing without medical indication to the detriment of a patient, and misadministration of controlled substances."

On September 16, 1988, the board issued an order approving the hearing examiner's report and recommendation. Appellee appealed the order to the Franklin County Court of Common Please pursuant to R.C. 119.12. In August 1989, the common please court reversed the board's order and stated:

"* * * [T]he matter is REMANDED with instructions that further evidence be presented to the Board and a finding made concerning whether Appellant is truly a danger to the public or whether the unprofessional acts with which he is charged are peculiar to the unusual situation that he has faced with his wife. It would be patently unfair to apply the same sanction to both factual situations." Appellant has appealed the common pleas court's judgment to this court.

Appellant has neglected to include an assignment of error in its brief as required by App. R. 16(A). However, we will construe the heading to the argument section of appellant's brief as an assignment of error. The heading states: "The lower court abused its discretion in remanding the board's order for a more appropriate penalty."

Under R.C. 119.12, a common pleas court must affirm an appealed administrative order if "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." *Henry's Cafe, Inc.* v. *Board of Liquor Control* (1959), 170 Ohio St. 233, 236. In regard to a common pleas court's review under R.C. 119.12 of administratively imposed penalties, the Supreme Court has held that the "the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion." *Id.* at paragraph three of the syllabus. Subsequent courts have interpreted *Henry's Cafe* to mean that "if the penalty imposed is within the scope of the authority granted to the administrative agency, the judiciary cannot reverse, vacate or modify it," *Connors* v. *Ohio Dept. of Commerce* (1982), 7 Ohio App. 3d 237, 238, even if the court "considers the [penalty] to be harsh." *Kuzas* v. *State Medical Bd.* Mar. 29, 1990), Franklin App. No. 89AP-773, unreported (1990 Opinions 1238, 1243). See, also, *Dept. of Liquor Control* v. *Santucci* (1969), 17 Ohio St. 2d 69, 70-71; *Keaton* v. *State* (1981), 2 Ohio App. 3d 480, 483; *Jackson* v. *Bd. of Nursing Edn.* (Oct. 30, 1987), Mahoning App. No. 86 C.A. 136, unreported.

R.C. 4731.22(B) clearly permits the board to revoke the license of a physician who has violated R.C. 4731.22(B)(2), (3), or (6). Even if we assume that the board did not have sufficient evidence before it to find that appellee was a danger to the general public, the penalty imposed was within the board's statutory discretion, since the record contains sufficient evidence to support the board's findings of violations of R.C. 4731.22(B). Conse-

quently, under *Henry's Cafe, supra*, the common pleas court had no basis upon which to reverse the board's decision.

The lower court also found that the hearing examiner and board erred by relying upon guidelines when imposing the penalty of revocation. Appellee argues that the guidelines constituted a rule, which the board did not promulgate pursuant to the rule-making requirements of R.C. 119.03. However, we find that the board was not applying its guidelines as a rule, since the guidelines apparently do not appear to have "a general and uniform operation." R.C. 119.01(C). The hearing examiner did state "the Board's disciplinary guidelines indicate revocation as the minimum sanction." The hearing examiner, however, apparently did not feel bound by the guidelines, since she also considered, and rejected, mitigating factors. Furthermore, the minutes of the board's discussion of the appropriate penalty for appellee indicate that the board was not applying the guidelines as binding authority.

In short given our determination of the guidelines issue and given the case law interpreting R.C. 119.12, we sustain appellant's assignment of error. Nevertheless, the concerns the trial court expressed are valid. Permanent revocation is the most serious penalty that the board can impose upon a physician under R.C. 4731.22(B). Given "the right of a citizen to follow a profession," *Hyde* v. *State Medical Bd.* (1986), 33 Ohio App. 3d 309, 311, the sweeping nature the penalty would seem to require a commensurate justification. However, as the lower court noted, evidence exists that appellee's "unprofessional acts" were "peculiar to the unusual situation that he faced with his wife." Appellee testified:

"* * * Now, maybe I am not always completely objective in what this patient gets, and if you're talking about is there some pressure from her because I am a husband, absolutely there is pressure from her, absolutely, no doubt about it." (Tr. 44)

He also testified that patient 1 "tends to be very manipulative" and that he felt like he was prescribing for her "under duress." Moreover, physicians who had worked with appellee testified that he was otherwise professionally competent. In short, as the common pleas court found, there is little evidence that appellee "is a danger to the public and there is much evidence to the contrary."

However, having sustained appellant's assignment of error, we reverse the common please court's decision and remand for further proceedings consistent with this decision.

*Judgment reversed and cause remanded.*

WHITESIDE and HANDWORK, JJ., concur.

HANDWORK, J., of the Sixth Appellate District, sitting by assignment in the Tenth Appellate District.