DECISION
{¶ 1} Appellant, Colonial, Inc. ("Colonial"), appeals from the July 24, 2002 decision of the Franklin County Court of Common Pleas granting appellee, Ohio Liquor Control Commission's ("Commission") motion to dismiss Colonial's administrative appeal for lack of subject matter jurisdiction. For the reasons that follow, we affirm.
 {¶ 2} On May 1, 2002, the Commission issued and mailed four orders that collectively suspended Colonial's liquor permit for a total of 20 days. R.C. 4301.28(C) provides that a notice of appeal can be submitted within a 21-day period. The start of the 21-day period commences on the mailing of the orders by the Commission. On May 20, 2002, Colonial filed a notice of appeal with the Franklin County Court of Common Pleas challenging the suspension of its liquor permit. On May 21, 2002, Colonial provided a facsimile of the notice of appeal to the Commission. On May 23, 2002, the Commission received the original notice of appeal.
 {¶ 3} On June 10, 2002, the trial court conducted a non-oral hearing on the Commission's motion to dismiss. The issue before the trial court was the timeliness of the notice of appeal received by the Commission on May 23, 2002. On June 12, 2002, the trial court held that the Commission had not provided proof of the exact date as to when the order had been mailed to Colonial. The Commission subsequently filed a reply to the trial court's decision attaching evidence of its compliance with R.C. 119.09. On July 24, 2002, the Franklin County Court of Common Pleas reconsidered its decision and ruled in favor of the Commission. The trial court referred to R.C. 119.12, which provides, in pertinent part, that:
 {¶ 4} "Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of the party's appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency's order as provided in this section. * * *"
 {¶ 5} The trial court subsequently referred to R.C. 4301.28(C), which provides a 21-day period of a notice of appeal to the Commission. The trial court cited this court's decision in Harrison v. Ohio State Med. Bd. (1995), 103 Ohio App.3d 317, in which this court determined that when a right of appeal is conferred by statute, the appeal could be perfected only by strict adherence to statutory conditions. The trial court concluded that the commission demonstrated compliance with R.C.119.09 and that the orders were mailed to Colonial on May 1, 2002. Therefore, Colonial's notice of appeal received by the Commission on May 23, 2002 was untimely.
 {¶ 6} This appeal followed, with Colonial asserting the following as error:
 {¶ 7} "I. Inasmuch as a facsimile transmission adequately satisfies all of the requirements of R.C. 119.12 in respect to the serving of a notice of appeal upon the Ohio Liquor Control Commission, the trial court should not have dismissed appellant's appeal, which was otherwise timely filed.
 {¶ 8} "II. The focus of R.C. Sections 119.09 and 4301.28 is normally upon when certified mail service is sent by the Ohio Liquor Control Commission and not when it is received by a permit holder. Absent proof of the former however, the date of the latter triggers the 21-day appeal period. Since the green postal service card (PS form 3811) did not prove when the commission's orders were mailed, the trial court should not have dismissed appellant's appeal for being untimely filed."
 {¶ 9} In the first assignment of error, Colonial argues that since a facsimile transmission adequately satisfies all the requirements of R.C. 119.12 in respect to serving a notice of appeal, it was an abuse of discretion for the trial court to dismiss Colonial's appeal. We disagree.
 {¶ 10} "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Colonial argues the facsimile of the notice of appeal reached the Commission within the 21-day period as required by R.C. 4301.28(C) and the requirements of R.C. 119.12 are adequately satisfied. The Commission contends that in Nibert v. Ohio Dept. of Rehab. Corr. (1998), 84 Ohio St.3d 100, 102, the Ohio Supreme Court strictly interprets R.C. 119.12 because "[t]here is no need to liberally construe a statute whose meaning is unequivocal and definite." See, also, Lake Hosp. Sys., Inc. v. Ohio Ins. Guar. Assn. (1994), 69 Ohio St.3d 521, 525.
 {¶ 11} Colonial next argues that the word original does not appear in R.C. 119.12. In Smith v. Ohio State Dept. of Commerce (Aug. 21, 2001), Franklin App. No. 00AP-1342, we stated "by its terms, R.C. 119.12
requires that a notice of appeal, not a copy of a notice of appeal, be filed with the agency and a copy of the notice be filed with the court within the fifteen-day period. A facsimile, by its very nature is a copy * * *." See, also, Harrison, supra. In Harrison, at 322, this court further stated that it is mandatory and jurisdictional for a notice of appeal to be filed with the agency and a copy with the trial court.
 {¶ 12} We agree with the rationale presented by the Commission. R.C. 119.12 requires that a notice of appeal be filed with the agency within a statutory period. The first assignment of error does not reflect the plain language of the statute and is overruled.
 {¶ 13} In the second assignment of error, Colonial argues that the Commission failed to follow R.C. 119.09 and 4301.28(C). These revised code sections require that the Commission send a certified mail copy of the order to the affected party. The actual mailing date of the order is the event that triggers the appeal period. Geroc v. Ohio Veterinary Medical Bd. (1987), 37 Ohio App.3d 192. As such, the agency issuing the orders bears the burden of establishing the actual date of mailing. Id.
 {¶ 14} The Commission satisfied this burden by providing three pieces of evidence. First, the orders state the date they were sent as May 1, 2002. Second, Mark Anderson, the Commission's executive director, stated in his affidavit "[t]hat records of the [Commission] show that on May 1, 2002, that Commission Orders were mailed in case numbers 130-02, 131-02 and 132-02, suspending the liquor permit of Colonial, Inc., for a total of twenty (20) days, with the Order in case number 134-02 reflecting that case had been dismissed." (Affidavit at ¶ 6.) Third, on May 4, 2002, Tamara Niese, an apparent relative of Colonial's owner Edward Niese, signed the green postal service card (PS Form 3811) accepting the orders sent by certified mail. (Record at 17.)
 {¶ 15} The Commission has complied with the requirements of R.C.119.09 and provided evidence to attest to the fact the order was sent on May 1, 2002. Therefore, Colonial did not conform to the 21-day period for notice of appeal as required by R.C. 4301.28(C) and, accordingly, the second assignment of error is not well-taken and is overruled.
 {¶ 16} This court recognizes that advances in the ability of businesses, agencies, and people to communicate through electronic resources have modified the routes we transmit information. However, this court is constrained by the plain language of the statute and must overrule appellant's two assignments of error. Based on the foregoing, appellant's two assignments of errors are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE, P.J., and BRYANT, J., concur.