DECISION
{¶ 1} This is an administrative appeal pursuant to R.C.119.12 from a decision of the Franklin County Court of Common Pleas upholding an order issued by the Director of the Ohio Department of Agriculture ("ODA").
 {¶ 2} This case arises from appellant Taylor Creager's entry of a Hampshire pig in the Market Barrow Show at the 2002 Ohio State Fair. A market barrow is a male pig that has been castrated to prevent the production of testosterone, and the presence of testosterone will result in an animal that is more muscular and leaner. Taylor's entry was named Grand Champion; however, ODA subsequently notified Taylor and her father, appellant Todd Creager, that it proposed a disciplinary action against them for violation of statutes and regulations governing this type of livestock and prohibiting "[a]ny natural occurrence or surgical process which results in testicular or accessory reproductive tissue remaining in the body of exhibition livestock." Former Ohio Adm. Code 901-19-38(C). In essence, a post-mortem examination of the animal revealed the presence of testicular or similar tissue that could produce testosterone and would have produced an animal with an unfair competitive advantage.
 {¶ 3} Appellants were granted a hearing before an ODA hearing examiner who recommended that appellants' animal be disqualified and that appellants forfeit all prizes and premiums. The ODA director's order approved and adopted the hearing examiner's findings and recommendations.
 {¶ 4} Appellants appealed from the director's order to the Franklin County Court of Common Pleas. Although appellants never filed a brief before the common pleas court, appellees filed a brief in conjunction with a motion for judgment on the record. Appellants then filed a motion for an oral hearing and a motion to admit newly discovered evidence.
 {¶ 5} The common pleas court rendered a decision on December 11, 2003 granting appellee's motion for judgment on the record, upholding the order of the director, and denying appellants' motion for oral hearing and to admit newly discovered evidence. In doing so, the common pleas court found that: (1) an oral hearing was not required; (2) the court was able to render a full adjudication based upon the record transmitted from the administrative agency; (3) appellants had failed to establish grounds to support the admission of newly discovered evidence; and (4) the director's order was supported by reliable, probative, and substantial evidence and was in accordance with law.
 {¶ 6} Appellants have timely appealed and bring the following assignments of error:
I. The lower court erred as a matter of law by denying appellants' request for an oral hearing and granting judgment on the record for appellee.
II. The lower court erred as a matter of law in affirming the director's decision because O.A.C. 901-19-38(C) is unlawful and not rationally related to a legitimate state purpose.
III. The lower court erred as a matter of law in affirming the director's decision because O.A.C. 901-19-38(C) has been changed and the new rule applies in the present case.
IV. The lower court erred as a matter of law in affirming the director's decision because the punishment enforced was disproportionate to the alleged violation.
V. The lower court erred as a matter of law in affirming the director's decision because the creagers were denied equal protection under the law.
VI. The lower court erred as a matter of law by affirming the director's decision because the creagers' due process rights were violated.
VII. The lower court erred as a matter of law by failing to admit newly discovered evidence on behalf of the creagers.
 {¶ 7} When addressing an administrative appeal brought pursuant to R.C. 119.12, the standard of review for the common pleas court is that it will affirm an agency's order if it finds "upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12.
The evidence required by R.C. 119.12 can be defined as follows: (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, footnotes omitted.
 {¶ 8} An agency's findings of fact will be presumed to be correct and deferred to by the reviewing court unless the court determines that the "agency's findings are internally inconsistent, impeached by evidence of a prior inconsistent statement, rest upon improper inferences, or are otherwise unsupportable." Ohio Historical Soc. v. State Emp. RelationsBd. (1993), 66 Ohio St.3d 466, 471. Upon further appeal from the common pleas court to this court, our review is limited to a determination of whether the common pleas court abused its discretion in determining whether the agency's order was supported by reliable, probative, and substantial evidence and was in accordance with law. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214. The term "abuse of discretion" connotes more than a mere error of judgment or law, it implies an attitude that is arbitrary, unconscionable, or unreasonable. State v. Adams
(1980), 62 Ohio St.2d 151, 157.
 {¶ 9} Appellants' first assignment of error asserts that the common pleas court erred in denying appellants' request for an oral hearing and proceeding to grant judgment on the record for appellee. Appellants' seventh assignment of error asserts that the court similarly erred in refusing to admit newly discovered evidence presented by appellants. These two assignments of error address related procedural matters in the common pleas court and will be addressed together.
 {¶ 10} Although Ohio courts have consistently held that R.C.119.12 clearly requires a hearing, that requirement does not mandate an opportunity to re-brief the issues or present oral argument. The required hearing is satisfied by a review by the common pleas court of the record generated in proceedings before the administrative agency. "R.C. 119.12 requires only a hearing. The hearing may be limited to a review of the record, or, at thejudge's discretion, the hearing may involve the acceptance of briefs, oral argument and/or newly discovered evidence." OhioMotor Vehicle Dealers Bd. v. Central Cadillac Co. (1984),14 Ohio St.3d 64, 67 (Emphasis added).
 {¶ 11} In the case before us, the record produced in the administrative hearings before the ODA hearing examiner were complete and comprehensive. Expert testimony was presented by both sides and all relevant documents were available to the hearing examiner and, as a result, to the common pleas court. The opportunity for additional briefing or oral argument would not have significantly increased the resources available to the common pleas court to fully address and adjudicate the matter.
 {¶ 12} With respect to the motion to admit additional evidence, which appellants described as "newly discovered evidence," the common pleas court held that the additional evidence sought to be admitted by appellants, which was introduced for purposes of proving that there was some uncertainty as to whether the testicular tissue produced by the post-mortem examination of the barrow was, in fact, capable of producing testosterone, was not necessary for resolution of the case because the version of Ohio Adm. Code 901-19-38(C) in effect at the time of the show did not require that the tissue be capable of producing testosterone in order for the rule to be violated. This was a proper basis on which to decline to consider the additional evidence. In addition, R.C. 119.12 provides that additional evidence may be admitted in the common pleas court "only when it is newly discovered and could not with reasonable diligence have been ascertained prior to the administrative hearing." Cincinnati City School Dist. v. State Bd. of Edn.
(1996), 113 Ohio App.3d 305, 317. "The decision to admit additional evidence lies within the discretion of the court of common pleas, but only after the court has determined that the evidence is newly discovered and that it could not with reasonable diligence have been ascertained prior to the agency hearing." Id. The common pleas court held in the present case that appellants failed to show that they exercised reasonable diligence to determine whether a tissue sample was available for examination, or that they pursued inquires as to how to obtain the sample for their own analysis. This determination was also within the discretion of the court.
 {¶ 13} On the present record, the common pleas court's rulings with respect to the newly admitted evidence, the availability of an oral hearing, and the decision to grant judgment on the record did not constitute an abuse of discretion. Appellants' first and seventh assignments of error are accordingly overruled.
 {¶ 14} Appellants' second assignment of error asserts that Ohio Adm. Code 901-19-38(C) is unlawful and not rationally related to a legitimate state purpose. The essential argument in connection with this is that the rule as stated is fundamentally overbroad, because the presence of any potential testosterone-producing tissue, regardless of whether it has produced testosterone in an amount to gain an advantage in an exhibition, will give rise to "unintentional and technical violations of the rule." (Appellants' brief, 17.) Appellants point out that the enabling statute, R.C. 901.72(A), provides that the director may promulgate rules specifying "false, deceptive, misleading, unethical, or unprofessional practices that constitute grounds for disciplinary action." Appellants argue that a strict liability regulation, that is, one not requiring a culpable mental state, is inappropriate for a regulation that is not enacted to secure the safety, health, or well-being of the public, and not consistent with the intent of the enabling statute.
 {¶ 15} Appellants' comparison of Ohio Adm. Code 901-19-38(C) to a criminal statute requiring a mens rea is inapposite. The administrative rule is intended to disqualify animals from competition for a condition that may provide the animal with a competitive advantage, regardless of whether the exhibitor intended to obtain such a competitive advantage; in fact, it appears clear in the present case there was no such intent on the part of the appellants. Nonetheless, the rule is rationally related to its intended purpose, e.g., to provide a level playing field for exhibitors by establishing a "bright line" test addressing the condition of the animals with respect to potential testosterone-producing tissue. In sum, while Ohio Adm. Code901-19-38(C) would be overbroad if the purpose of the regulation was to exclude only exhibitors who intended to cheat, it is, expert testimony established at the administrative hearing, suitably tailored to address, within the limits of scientific resources available to exhibition officials, those animals that may obtain a competitive advantage through the retention of testosterone-producing tissue. We accordingly find that Ohio Adm. Code 901-19-38(C) is a valid regulation that should be applied in the present case. Appellants' second assignment of error is accordingly overruled.
 {¶ 16} Appellants' third assignment of error asserts that the trial court erred in upholding the director's decision because Ohio Adm. Code 901-19-38(C) was amended in the interval between the administrative decision and review by the common pleas court. The modification in question became effective one and one-half years after the competition entered into by appellants. The change in question is substantive, as it affects the definition of prohibited reproductive tissue remaining in the animal's body. While appellants argue that the amendment is procedural, as opposed to substantive, and should be applied retroactively, this is clearly not the case. Statutes and regulations are generally deemed to apply only prospectively, Wilfong v. Batdorf (1983),6 Ohio St.3d 100, and appellants have shown no other reason for which the amended regulation in this case should be applied retroactively in contravention of this rule. We find that the common pleas court correctly concluded that the only statute to be considered in the present case is the version of Ohio Adm. Code901-19-38(C) in effect at the time appellants' animal was disqualified. Appellants' third assignment of error is accordingly overruled.
 {¶ 17} Appellants' fourth assignment of error asserts that the administrative penalty involved must not be affirmed because the punishment imposed was disproportionate to the violation found. Ohio Adm. Code 901-19-21 provides a range of possible penalties to be imposed for violations of animal tampering laws. These range from disqualification from any exhibition to a letter of reprimand. We find, as the common pleas court did, that the sanction imposed in the present case, disqualification of the animal concerned, is suitably tailored to a violation of Ohio Adm. Code 901-19-38(C), the purpose of which is to avoid the possibility of an unfair advantage to a competing animal. Anything less than disqualification of the animal concerned might not serve the purposes of the regulation, which is intended to assure the fairness of the exhibition and competition process. The harsher penalty of disqualification from other exhibitions was not imposed in the present case, which is certainly consistent with the implicit determination at all levels of the matter that there was no intent on the part of appellants to gain an unfair competitive advantage. Under these circumstances, the penalty imposed by the director was appropriate, and appellants' fourth assignment of error is accordingly overruled.
 {¶ 18} Appellants' fifth and sixth assignments of error assert that the proceedings in this matter denied appellants their constitutional right to equal protection and due process. To the extent that these arguments are based upon the errors asserted in the other assignments of error, our disposition of those assignments of error is equally dispositive here. One additional argument is raised based upon the general proposition that Ohio's entire statutory and regulatory framework for administrative proceedings under R.C. Chapter 119 does not provide procedural due process because there are no provisions for discovery and appellants were subjected to "trial by ambush." In particular, appellants argue that they had inadequate knowledge that ODA was proceeding based upon a tissue sample, were not given the opportunity to conduct their own analysis of the tissue sample, and could not use their veterinary expert effectively. Appellants have, unfortunately, presented no specific statutory, constitutional, or case authority for the proposition that Ohio's entire framework of administrative law and appeal amount to a violation of due process. In the absence of such authority, and in the presence of precedent too numerous to list from Ohio appellate and Supreme Court cases that address the administrative process under R.C. Chapter 119 without finding any constitutional infirmity therein, appellants' arguments in this respect are without merit. Appellants' fifth and sixth assignments of error are accordingly overruled.
 {¶ 19} In accordance with the foregoing, appellants' seven assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas upholding the order of the Director of the Ohio Department of Agriculture is affirmed.
Judgment affirmed.
Lazarus, P.J., and Bowman, J., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.