GWINN et al., Appellants,

v.

OHIO ELECTIONS COMMISSION et al., Appellees.

[Cite as *Gwinn v. Ohio Elections Comm.,* 187 Ohio App.3d 742, 2010-Ohio-1587.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–792.

Decided April 8, 2010.

McTigue & McGinnis, Donald J. McTigue, Mark A. McGinnis, and John C. Columbo; and Dennis W. McNamara, for appellants.

David A. Yost, Special Prosecutor, for appellees.

PEGGY L. BRYANT, Judge.

{¶ 1} Appellants, Susan Gwinn and the Committee to Elect Susan Gwinn, appeal from a Franklin County Court of Common Pleas judgment that dismissed their administrative appeal from proceedings of the Ohio Elections Commission conducted on allegations that appellants had violated a campaign-finance statute. Because the common pleas court erred in dismissing appellants' appeal for lack of a final, appealable order without a certified record and transcript of the administrative proceedings ever having been filed with the court, we reverse the court's judgment.

## I. Procedural Overview

{¶ 2} Pursuant to R.C. 3517.157(D) and 119.12, appellants on July 2, 2009, filed an administrative appeal with the common pleas court from a "decision" of the elections commission that determined that appellants had violated R.C. 3517.13(G)(1) and referred the matter for criminal prosecution. Appellants' alleged violation of a campaign-finance statute, which prohibits persons from knowingly concealing or misrepresenting campaign contributions, allegedly occurred during Gwinn's unsuccessful 2008 campaign for the office of Athens County prosecutor. The complainant in the elections commission proceedings was David Yost, Delaware County prosecutor, who was appointed to serve as special prosecutor for Athens County in the matter.

{¶ 3} In their notice of appeal, appellants challenged the elections commission's decision on numerous grounds, including specific claims that the elections commission committed factual and legal errors, as well as general claims that not only does the record lack reliable, probative, and substantial evidence to support the elections commission's decision but the decision is not in accordance with law. Appellants attached to the notice of appeal copies of the elections commission's "decision" that was the subject of their appeal: a letter dated July 2, 2009, from Philip C. Richter, "Staff Attorney," advising appellants that on "6/11/2009 after careful consideration of the evidence [in case No. 2009G–002], * * * the commission found a violation of R.C. § 3517.13(G)(1) and referred the matter to the Athens County prosecutor for further prosecution." The letters, ostensibly from the elections commission, are not on the elections commission's letterhead, are not signed, are not certified as true copies of the elections commission's decision, and do not identify Richter as speaking on the elections commission's behalf, either as its staff attorney or in some other capacity.

{¶ 4} According to the common pleas court's record, both Yost and the elections commission, as the appellees in the administrative appeal, were served with notice of appellants' appeal. The court clerk's briefing schedule, filed the same date as appellants' appeal, required the record of the underlying proceedings to be filed with the common pleas court by July 30, 2009, or no later than August 27, 2009, if the court granted an extension for that purpose.

{¶ 5} On August 17, 2009, without a hearing on the matter, the common pleas court entered judgment granting Yost's motion to dismiss appellants' appeal for lack of a final, appealable order. Explaining its rationale for the dismissal, the court stated in the judgment entry that "[t]he referral letter issued by the Ohio Elections Commission did not determine the action, but merely moved the matter to a different forum" and, as such, failed "to meet the requirements of a final order under Ohio Revised Code § 2505.02."

{¶ 6} The elections commission never certified to the common pleas court a record of the administrative proceedings in the case or sought an extension of time for that purpose. Consequently, a record of the elections commission's administrative proceedings is also not before this court.

## II. Assignments of Error

{¶ 7} Appellants assign three errors:

1. The trial court erred by not reversing the decision of the commission on July 30, 2009.

2. The trial court erred by prematurely dismissing the administrative appeal before the record and transcript of proceedings had first been filed with the court.

3. The trial court erred in holding that the decision by the commission is not a final appealable order.

## III. Elections Commission's Failure to Certify Administrative Record to the Court

{¶ 8} Appellants' assignments of error are interrelated and will be discussed together. Appellants contend that the common pleas court erred in prematurely dismissing their administrative appeal when the elections commission did not file a record and transcript of the administrative proceedings in this case. Appellants assert that the common pleas court had no way, without reviewing the administrative record, to properly determine whether the elections commission had issued a final, appealable order in this case and, in turn, to decide whether the court had jurisdiction to hear appellants' administrative appeal. Appellants argue that the common pleas court instead should have entered judgment in their favor, because the elections commission failed to comply with R.C. 119.12's requirement that it timely certify to the court a complete record of the administrative proceedings appealed in this case.

{¶ 9} Appellees respond that the common pleas court correctly determined that the elections commission's decision was not the final determination in the matter, as the elections commission merely referred the matter for further prosecution and a final judgment in the case. Appellees argue that because the elections commission's decision does not "determine the action" and "prevent a judgment," it does not qualify under R.C. 2505.02 as a final, appealable order. See *Cleveland v. Trzebuckowski* (1999), 85 Ohio St.3d 524, 526, 709 N.E.2d 1148 (stating that an order is final and appealable under R.C. 2505.02 if it (1) affects a substantial right, (2) in effect determines the action, and (3) prevents a judgment). Appellees assert that because courts have jurisdiction to hear appeals only from final orders of an administrative agency, the issue before the common pleas court was

solely jurisdictional, eliminating the need for a record of the administrative proceedings in this case.

{¶ 10} An appeal from the elections commission's proceedings is governed by R.C. 3517.157(D) and 119.12. R.C. 3517.157(D) provides that a party "adversely affected" by a "final determination" of the elections commission has a right of appeal pursuant to R.C. 119.12. R.C. 119.12, in turn, allows an appeal to the common pleas court for a party "adversely affected" by an order of an administrative agency or commission issued pursuant to an "adjudication." "[T]o constitute an 'adjudication' for purposes of R.C. 119.12, a determination must be (1) that of the highest or ultimate authority of an agency which (2) determines the rights, privileges, benefits, or other legal relationships of a person." *Russell v. Harrison Twp.* (1991), 75 Ohio App.3d 643, 648, 600 N.E.2d 374. See also R.C. 119.01(D) (defining "adjudication").

{¶ 11} R.C. 119.12 sets forth the procedures that must be followed in administrative appeals. The statute provides that the common pleas court "shall conduct a hearing on the appeal." The word "shall" in a statute makes the provision mandatory. *State ex rel. Ohio Democratic Party v. Blackwell*, 111 Ohio St.3d 246, 2006-Ohio-5202, 855 N.E.2d 1188, ¶ 15. Ohio courts consistently have held that although the statute requires the common pleas court to hold a hearing in an administrative appeal, the court has the discretion to do as much as hold a full hearing and accept briefs, oral argument, and newly discovered evidence, or as little as review the record of the proceedings before the administrative agency. *Medcorp, Inc. v. Ohio Dept. of Job & Family Servs.*, 121 Ohio St.3d 622, 2009-Ohio-2058, 906 N.E.2d 1125, ¶ 18; *Creager v. Dept. of Agriculture*, 10th Dist. No. 04AP–142, 2004-Ohio-6068, 2004 WL 2591247, ¶ 10, citing *Ohio Motor Vehicle Dealers Bd. v. Cent. Cadillac Co.* (1984), 14 Ohio St.3d 64, 67, 14 OBR 456, 471 N.E.2d 488; *Geroc v. Ohio Veterinary Med. Bd.* (1987), 37 Ohio App.3d 192, 197, 525 N.E.2d 501. In reviewing the record of the administrative proceedings, "the court is confined to the record as certified to it by the agency." R.C. 119.12.

{¶ 12} Within those parameters, the common pleas court's judgment presents at least two issues. Initially, the court lacked a record to review because the elections commission failed to certify the record to the common pleas court, as required by R.C. 119.12. Secondly, because the court lacked any record from the elections commission, the court could not know what was in the elections commission's record and whether some aspect of the unseen record indicated that the commission had issued a final order.

A. Elections Commission's Duty to Certify the Record

{¶ 13} Pursuant to R.C. 119.12, administrative agencies have the responsibility to furnish the record of appealed administrative proceedings to the common pleas

court for its review. Indeed, the Ohio Supreme Court has observed that R.C. 119.12 sets forth a "stringent requirement" for the transmittal of administrative records. *Arlow v. Ohio Rehab. Servs. Comm.* (1986), 24 Ohio St.3d 153, 155, 24 OBR 371, 493 N.E.2d 1337. Specifically, R.C. 119.12 provides, "Within thirty days after receipt of notice of appeal from an order in any case in which a hearing is required * * * the agency shall prepare and certify to the court a complete record of the proceedings in the case." Should the agency fail "to comply within the time allowed," the failure, "upon motion, shall cause the court to enter a finding in favor of the party adversely affected." The statute, however, provides that "[a]dditional time * * * may be granted by the court, not to exceed thirty days, when it is shown that the agency has made substantial effort to comply."

{¶ 14} Applying R.C. 119.12, the Supreme Court of Ohio in *Arlow* noted that the court had previously "held, and affirm[s] today, that '[w]here an appeal from an order of an administrative agency has been duly made to the Common Pleas Court pursuant to Section 119.12, Revised Code, and the agency has not prepared and certified to the court a complete record of the proceedings within twenty [now thirty] days after a receipt of the notice of appeal and the court has granted the agency no additional time to do so, the court must, upon motion of the appellant, enter a finding in favor of the appellant and render a judgment for the appellant.' *Matash v. State* (1964), 177 Ohio St. 55, 29 O.O.2d 153, 202 N.E.2d 305, syllabus. See also *State ex rel. Crockett v. Robinson* (1981), 67 Ohio St.2d 363, 21 O.O.3d 228, 423 N.E.2d 1099." Id., 24 Ohio St.3d at 155, 24 OBR 371, 493 N.E.2d 1337.

{¶ 15} The general rule of *Matash* and its progeny is absolute: an administrative agency's failure to certify to the common pleas court a complete record of appealed administrative proceedings within the R.C. 119.12 time limit requires the common pleas court, upon motion, to enter a finding in favor of and a judgment for the appellant. See *Lorms v. Dept. of Commerce* (1976), 48 Ohio St.2d 153, 155, 2 O.O.3d 336, 357 N.E.2d 1067 ("R.C. 119.12 * * * mandates a finding for the party 'adversely affected' by an agency's failure to certify a 'complete record' within the prescribed time"); *Crockett*, 67 Ohio St.2d at 365, 21 O.O.3d 228, 423 N.E.2d 1099 ("The language of the statute is clear; if the agency [totally] fails to comply, then the court must enter a finding in favor of the party adversely affected"); *Geroc*, 37 Ohio App.3d 192, 525 N.E.2d 501 (determining that an agency's total failure to certify the record in a timely manner as required by R.C. 119.12 placed mandatory duty on court to enter judgment for appellant).

{¶ 16} When, by contrast, an administrative agency timely certified to the court of common pleas the record of its administrative proceedings but with an unintentional error or omission in an otherwise complete record, the party appealing the administrative action pursuant to R.C. 119.12 is not entitled to a

judgment in his or her favor absent a showing of prejudice. *Arlow*, 24 Ohio St.3d 153, 24 OBR 371, 493 N.E.2d 1337; *Lorms*, 48 Ohio St.2d 153, 2 O.O.3d 336, 357 N.E.2d 1067, at syllabus. See also *State ex rel. Williams Ford Sales, Inc. v. Connor* (1995), 72 Ohio St.3d 111, 114, 647 N.E.2d 804. Even though the Supreme Court of Ohio so modified its *Matash* holding in *Arlow*, the court nonetheless declared that "[s]uch an exception does not vitiate the basic premise of R.C. 119.12 where *no* action has been taken to certify an administrative record." (Emphasis sic.) *Arlow*, 24 Ohio St.3d at 156, 24 OBR 371, 493 N.E.2d 1337.

{¶ 17} Here, the record of the common pleas court indicates that the elections commission received notice on July 13, 2009, of appellants' administrative appeal to the common pleas court in this matter. Contrary to R.C. 119.12's mandate, the elections commission did not comply with the R.C. 119.12 requirements to certify the record. The elections commission did not file the record and did not seek an extension of time to comply with R.C. 119.12's certification requirement. Moreover, nothing in the common pleas court's record suggests that the elections commission made any effort to comply, much less a "substantial effort to comply." R.C. 119.12 (authorizing an extension "when it is shown that the agency has made substantial effort to comply").

B. No Basis to Determine Whether Order Is Final and Appealable

{¶ 18} Like a court, the elections commission speaks through its record. *Simmons v. Indus. Comm. of Ohio* (1938), 134 Ohio St. 456, 457, 13 O.O. 42, 17 N.E.2d 751; *State ex rel. Cole v. Laumann* (1990), 69 Ohio App.3d 464, 467, 590 N.E.2d 1335. See also *State ex rel. Hanley v. Roberts* (1985), 17 Ohio St.3d 1, 17 OBR 1, 476 N.E.2d 1019 (holding that the decision of an administrative agency must be journalized in the written minutes of meeting at which the decision was rendered); *McKenzie v. Ohio State Racing Comm.* (1966), 5 Ohio St.2d 229, 34 O.O.2d 463, 215 N.E.2d 397 (determining that the commission can comply with R.C. 119.12's certification requirement by providing certified copies, such as a certified copy of the commission's minutes that constitute its final order, rather than the original documents contained in the administrative record). See also R.C. 119.09 and Ohio Adm.Code 3517–1–11 and 3517–1–12 (requiring a stenographic record of all elections commission proceedings and the journalization of commission decisions by written entry in the minutes of commission hearings).

{¶ 19} A review of the record of administrative proceedings is essential to the integrity of judicial review of an administrative action. In this case, the common pleas court could not determine properly whether the elections commission's "decision" was a final, appealable order and, in turn, whether the court had jurisdiction to hear the administrative appeal. The common pleas court lacked

that ability because the court had no administrative record of the proceedings, no journalized entry of the elections commission's decision, and no other agency materials that may be relevant to determining whether the elections commission issued a final order for R.C. 119.12 review in the common pleas court. The absence of an administrative record made the court's review impossible.

{¶ 20} In the final analysis, the common pleas court erred in dismissing appellants' administrative appeal to the court for lack of a final, appealable order when the elections commission had completely defaulted on its responsibility under R.C. 119.12 to timely certify to the court a complete record of the proceedings from which the court could determine whether the elections commission had issued a final order in this case. Appellants' assignments of error are sustained to the extent indicated.

## IV. Appellants' Motion to Dismiss

{¶ 21} Appellants filed a motion requesting that this court reverse the decision of the elections commission or remand this matter to the common pleas court with instructions that it dismiss the elections commission's decision because the elections commission failed to file the administrative record in this case.

{¶ 22} Appellants did not file such a motion with the common pleas court, as R.C. 119.12 contemplates. Had appellants done so, the court would have been required to grant it. *Crockett,* 67 Ohio St.2d at 365, 21 O.O.3d 228, 423 N.E.2d 1099 (determining that a court is required to enter a finding and judgment for an appellant when the administrative agency wholly fails to file a record in accordance with the time limits of R.C. 119.12); *Sinha v. Dept. of Agriculture* (Mar. 5, 1996), 10th Dist. No. 95APE09–1239, 1996 WL 99753 (deciding that an appellant is entitled to judgment under R.C. 119.12 when agency certified record to the court 31 days after the notice of appeal). The common pleas court, however, is the appropriate forum to entertain appellants' motion. Accordingly, we deny the motion as not yet ripe in this court in favor of permitting the common pleas court first to address it.

{¶ 23} Having sustained appellants' assignments of error to the extent indicated, we reverse the judgment of the common pleas court and remand this cause with instructions to the common pleas court (1) to determine appellants' motion for judgment in their favor due to the elections commission's failure to certify the record in accordance with R.C. 119.12 and (2) to consider any other issues emanating from the court's determination of that motion.

Motion denied;
judgment reversed
and cause remanded with instructions.

BROWN and McGRATH, JJ., concur.